1  L. TRACEE LORENS (SBN 150138) (tracee@lorenslaw.com)
   WAYNE ALAN HUGHES (SBN 48038) (waynecloud@aol.com)
2  **LORENS & ASSOCIATES, APLC**
   701 "B" Street, Suite 1400
3  San Diego, CA 92101
   Telephone: 619.239.1233
4  Facsimile: 619.239.1178

5  RAUL CADENA (SBN 185787) (rcadena@cadenachurchill.com)
   NICOLE R. ROYSDON (SBN 262237) (nroysdon@cadenachurchill.com)
6  **CADENA CHURCHILL, LLP**
   701 "B" Street, Suite 1400
7  San Diego, CA 92101
   Telephone: 619.546.0888
8  Facsimile: 619.923.3208

9  Attorneys for Plaintiffs and all others similarly situated

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12 SABRINA LAGUNA, an individual; CARLOS ) Case No. **SACV11-00169** DOC (PJWX)
13 ACEVEDO, an individual; TERESA SALAS, an )
   individual; and ROES 3-50 on behalf of themselves) **PLAINTIFFS' MOTION TO QUASH**
14 and in a representative capacity for all others ) **SUBPOENA TO PRODUCE**
   similarly situated ) **DOCUMENTS, INFORMATION, OR**
15                                        ) **OBJECTS OR TO PERMIT**
                Plaintiffs,               ) **INSPECTION OF PREMISES IN A**
16                                        ) **CIVIL ACTION**
                                          )
17 v.                                     )
                                          )
18                                        ) Date: 03/21/11
   COVERALL NORTH AMERICA, INC., a) Time: 8:30 AM
19 Delaware Corporation; ALLIED CAPITAL) Judge: Carter
   CORPORATION, a Maryland Corporation; ARES) Courtroom: Santa Ana, 9D
20 CAPITAL CORPORATION, a Maryland)
   Corporation; CNA HOLDING CORPORATION, a)
21 Delaware Corporation; TED ELLIOTT, an)
   individual; and DOES 5 through 50 inclusive )
22                                        )
                Defendants.               )
23 _____)

24

25

26

27

28

1    Plaintiffs Sabrina Laguna, Carlos Acevedo, and Teresa Salas ("Plaintiffs") hereby submit

2    this Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit

3    Inspection of Premises in a Civil Action ("Motion to Quash").

4    **I.   INTRODUCTION**

5    Plaintiffs are the class representatives in a current wage and hour class action against

6    Defendant Coverall North America, Inc. ("Coverall"), in which Plaintiffs allege that they were

7    improperly classified as independent contractors. The complaint in this case was filed in San Diego

8    Superior Court in August 2008. The case was removed in late 2009 and is currently pending in the

9    United States District Court for the Southern District of California. The District Judge in the

10   matter is the Honorable Jeffrey Miller and the Magistrate Judge is the Honorable Bernard G.

11   Skomal. In that complaint, Plaintiffs exposed the nefarious nature of Coverall's janitorial service

12   system, which is a franchise operation in name only. Coverall professes to assist individuals in

13   establishing "independent businesses" to provide janitorial services to its commercial clients.

14   However, in reality Coverall is running a state-wide ponzi scheme orchestrated to exploit

15   unsophisticated cleaning workers, a majority of whom are Latino and Spanish-speaking, and many

16   of them functionally illiterate, and to deny them wage protections including eligibility for

17   unemployment and workers' compensation.

18   Coverall has demonstrated a pattern and practice during this litigation of engaging in

19   misconduct, harassment, and gamesmanship. In August 2010, Plaintiffs learned that Coverall was

20   having improper contacts and meetings with putative class members in which they coerced the

21   putative class members into signing declarations against their interest. Upon learning of this

22   conduct, Plaintiffs filed a Motion for an Order Invalidating Coverall's Checklist and Declarations

23   Obtained from Class Members; for an Order Directing Curative Notice; and for an Order Requiring

24   that Coverall, its Agents and its Counsel Cease and Desist from Further Communications with

25   Former and Current "Franchisees" Regarding this Action ("Motion for Curative Notice") on

26   August 18 , 2010. U.S. District Judge Miller granted this motion in its entirety on November 30,

27   2010, which included striking all of the declarations that Coverall had obtained from putative class

28   members. A true and correct copy of Judge Miller's Order is attached as **Exhibit "1"** to the

1   Declaration of Raul Cadena.

2          Pursuant to the revised scheduling order in this case, all fact discovery in the matter is to

3   be completed on or before February 1, 2011, including subpoena under Rule 45, taking into account

4   the time for response as set forth in the Federal Rules of Civil Procedure.  A true and correct copy

5   of the revised scheduling order is attached as **Exhibit "2"** to the Declaration of Raul Cadena.

6   Despite the fact that the discovery cut-off date is February 1, 2011, on January 21, 2011, Defendant

7   Coverall North America, Inc. ("Coverall") served the Custodian of Records for Walt Disney Parks

8   and Resorts U.S., Inc. ("Disney") with a Subpoena to Produce Documents, Information, or Objects

9   or to Permit Inspection of Premises in a Civil Action ("Subpoena").[1]  A true and correct copy of

10  the Subpoena is attached as **Exhibit "4"** to the Declaration of Raul Cadena.  The Subpoena

11  requires the production of the employment application of Teresa Salas and all documents

12  concerning, referring or relating to the time records of Teresa Salas.  Coverall served Plaintiffs with

13  the Subpoena by overnight mail on January 21, 2011.  However, because January 21, 2011 was a

14  Friday, Plaintiffs did not receive the Subpoena until the morning of Monday, January 24, 2011.

15  Plaintiffs attempted to meet and confer with Coverall's counsel regarding the  Subpoena,

16  specifically why Coverall is seeking the requested documents.  However, Coverall's response was

17  simply that it "believes" these records will, among other things, contradict the testimony she gave

18  at her deposition and impact the testimony regarding the number of hours she worked at Coverall.

19  Coverall provided no offer of proof as to why it should believe this to be the case.  A true and

20  correct copy of the emails sent between Plaintiffs' counsel and Coverall's counsel regarding this

21  issue is attached as **Exhibit "5"** to the Declaration of Raul Cadena.

22  **II.    ARGUMENT**

23         Plaintiff hereby objects to the Subpoena on the grounds that it is untimely, that it was not

24  served in accordance with Federal Rule of Civil Procedure 45, that it infringes on Teresa Salas'

25  privacy rights, and that the records sought are not relevant.

26

27         [1] Despite asking Coverall repeatedly for a copy of the proof of service of the Subpoena on Disney, Coverall
    has refused to produce it. A true and correct copy of emails sent between Plaintiffs' counsel and Coverall's counsel
28  regarding this issue is attached as **Exhibit "3"** to the Declaration of Raul Cadena.  Thus, Plaintiffs do not have a proof
    of service for the Subpoena, so they are unaware of whether Disney was served personally or by fax.

-2-

1      **A.**    <u>**The Subpoena Does Not Give Disney a Reasonable Time to Comply.**</u>

2          Rule 45 requires a court to quash a subpoena that fails to allow a reasonable time to comply.

3  *See* Fed. R. Civ. P. 45(c)(3)(A)(I).   Here, Coverall appears to have served Disney with the

4  Subpoena on January 21, 2011; the Subpoena requires compliance on or before February 1, 2011,

5  which is also the discovery cut-off date.   The circumstances surrounding Coverall's service of the

6  Subpoena further demonstrate the gamesmanship and professional discourtesy in which Coverall

7  has engaged in this matter.   Plaintiffs' counsel met and conferred with Coverall's counsel

8  repeatedly and was under the impression that there was an agreement to extend the fact discovery

9  cut-off date. Coverall then informed Plaintiffs' counsel that it did not want to extend the discovery

10  cut-off date and did not intent to seek any further fact discovery unless Plaintiffs were granted leave

11  for additional fact discovery.   However, Coverall used the discovery cut-off date to sandbag

12  Plaintiffs, as Coverall represented it would abate discovery and yet, in typical gamesmanship

13  fashion, Coverall changed course and served the Subpoena on the eve of the discovery cut-off date.

14  *See* Declaration of L. Tracee Lorens, filed concurrently herewith.

15          Coverall has only given Disney seven (7) business days in which to comply with the

16  Subpoena.   This is not a reasonable time to comply.   In fact, Coverall's attorneys have previously

17  argued that less than ten (10) business days is not a reasonable amount of time to comply with a

18  Deposition Notice issued pursuant to Federal Rule of Civil Procedure 30.   *See* Declaration of L.

19  Tracee Lorens.   Therefore, because Coverall has not given Disney reasonable time to comply with

20  the Subpoena, Plaintiffs request that the Court quash the Subpoena.

21      **B.**    <u>**The Subpoena was Not Served in Accordance with Rule 45.**</u>

22          Notice of any commanded document production must be served on each party before the

23  subpoena is served in order to afford a party time to object to the production.   *See* Fed. R. Civ. P.

24  45(b)(1) ("If the subpoena commands the production of documents, electronically stored

25  information, or tangible things or the inspection of premises before trial, then before it is served,

26  a notice must be served on each party").   Here, it appears that Coverall served Plaintiffs on the

27  same day that it served Disney; however, because Plaintiffs were served by overnight mail on a

28  Friday afternoon, they did not receive notice of the Subpoena until more than two (2) calendar days

1   later, on a Monday morning. Plaintiffs were not served with the Subpoena before Disney and, thus,

2   have been given less than a reasonable amount of time to object and file necessary motions. As

3   such, because Coverall did not serve the Subpoena in accordance with Rule 45, the Court should

4   quash the Subpoena.

5        **C.    The Documents Sought by the Subpoena are Protected by Teresa Salas' Right**

6        **of Privacy.**

7        The Court may quash or modify a subpoena and prevent the disclosure of privileged or

8   other protected matter. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii). The Court also has broad discretion

9   to make any order which justice requires to protect a party from annoyance, embarrassment,

10  oppression, or undue burden, including an order prohibiting discovery or limiting the scope of

11  discovery. *See* Fed. R. Civ. P. 26(c). While Rule 26(c) "contains no specific reference to privacy

12  or to other rights or interests that may be implicated, such matters are implicit in the broad purpose

13  and language of the Rule." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984).

14       Accordingly, in exercising its broad discretion, the Court must recognize and protect the

15  California state constitutional privacy rights of the litigants. *Pagano v. Oroville Hosp.*, 145 F.R.D.

16  683, 696 (E.D. Cal. 1993) *overruled on other grounds by Kippeman v. Quiroz (In re Commercial*

17  *Money Ctr., Inc.)*, 2006 Bankr. LEXIS 4708 (S.D. Cal. June 29, 2006); *see also Kelly v. City of San*

18  *Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987). This is because California state constitutional privacy

19  rights are readily harmonized with the federal constitution. *Pagano*, 145 F.R.D. at 695.

20       Under Article 1, section 1, of the California Constitution, Teresa Salas' personnel records

21  are protected by her right of privacy. *See, e.g., El Dorado Sav. & Loan Ass'n v. Superior Court*,

22  190 Cal.App.3d 342, 345 (1987); *Bd. of Trustees v. Superior Court*, 119 Cal.App.3d 516, 524-525

23  (1981); *Pagano*, 145 F.R.D. at 696 *citing Harding Lawson Assoc. v. Superior Court*, 10

24  Cal.App.4th 7, 9-10 (1992). Federal courts uniformly recognize Teresa Salas' significant

25  constitutional right of privacy protecting from disclosure her private personnel records.

26  */ / /*

27  */ / /*

28  */ / /*

1                **1.**     **The Balancing of Privacy Against the Need for Discovery Favors**

2                **Plaintiffs' Motion to Quash.**

3        Discovery of constitutionally protected material must be carefully balanced against

4  the individual's rights to privacy.  The court must "weigh the potential benefits of disclosure

5  against the potential disadvantages." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-1034 (9th

6  Cir. 1990 (denying discovery of personnel files where plaintiffs failed to show that production of

7  the actual files was necessary). "[T]he initiation of a lawsuit does not, by itself, grant [parties] the

8  right to rummage unnecessarily and unchecked through the private affairs of anyone they choose.

9  A balance must be struck." *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548, 551 (E.D. Cal.

10  1990); *see also Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995); *Scouler v. Craig*,

11  116 F.R.D. 494, 496 (D. N.J. 1987).

12        In *Pagano*, the district court cited these factors to be weighed in determining whether and

13  to what extent private materials will be discovered: (1) the magnitude of the proposed

14  encroachment upon the individual's privacy; (2) whether the encroachment would reach a subject

15  matter that has traditionally been "off limits"; (3) whether the desired information is available from

16  other sources; (4) the extent to which the exercise of the individual's privacy rights impinge upon

17  the rights of others; and (5) societal interests. *Pagano*, 145 F.R.D. at 698.

18        These factors are similar to the analysis employed by California state courts in weighing

19  a discovery request for private materials.  In state courts, the legitimate need for discovery (*see*

20  *Pagano* factors 3 and 4) is balanced against the privacy rights at stake (*see Pagano* factors 1 and

21  2).  Accordingly, "inquiry into one's private affairs will not be constitutionally justified simply

22  because inadmissible, and irrelevant, material sought to be discovered might lead to other, and

23  relevant, evidence." *Bd. of Trustees*, 119 Cal.App.3d at 524-526. "The proponent of discovery of

24  constitutionally protected material has the burden of making a threshold showing that the evidence

25  sought is 'directly relevant' to the claim or defense." *Harris v. Superior Court*, 3 Cal.App.4th 661,

26  665 (1992). Further, before discovery is permitted, "there must first be a careful balancing of the

27  public need for discovery against the fundamental right of privacy. *Bd. of Trustees*, 119

28  Cal.App.3d at 525-526.

Plaintiffs' Motion to Quash Subpoena
Case No.:_____

"[E]ven where the balance weighs in favor of disclosure of private information, the scope of disclosure will be narrowly circumscribed; such an invasion of the right to privacy must be drawn with narrow specificity and is permitted only to the extent necessary for a fair resolution of the lawsuit." *Cook*, 132 F.R.D. at 552 *citing Moskowitz v. Superior Court*, 137 Cal.App.3d 313, 316 (1982). In *Sanchez*, the Ninth Circuit noted that "the confidential nature of the employee personnel files suggests that opening of the files to the plaintiffs for a general search could reach well beyond the legitimate inquiries necessary to the litigation ..." *Sanchez*, 936 F.2d at 1033-1034.

It is just this type of unfettered rummaging that Coverall is engaged in here by subpoenaing an unlimited array of information regarding Teresa Salas' current employment, including her job application and all documents concerning, referring or relating to her time records. Like all employment files, Teresa Salas' employment files contain highly personal information traditionally protected by courts. The materials sought – constitutionally protected personnel records from Teresa Salas' current employer – have no relevance to her claims of misclassification by Coverall.

Allowing Coverall access to these employment records would be a significant encroachment, particularly where, as here, the records are simply not relevant to the issues in this case, and as a matter of law will not lead to the discovery of admissible evidence. Accordingly, because the documents are protected by Teresa Salas' right of privacy, the Court should grant Plaintiffs' Motion to Quash.

**2. Coverall has Failed to Articulate the Relevance of Teresa Salas' Personnel File from her Current Employer.**

A party seeking to compel discovery bears the burden of showing that the request satisfies the relevance standard of Federal Rule of Civil Procedure 26 ("reasonably calculated to lead to the discovery of admissible evidence"). *Soto*, 162 F.R.D. at 610; *Kelly*, 114 F.R.D. at 671 (plaintiff seeking protected internal affairs documents must specify how requested information is relevant). In this case, Coverall's reasons for seeking Teresa Salas' personnel records from a current employer have little to do with relevance. The documents that Coverall seeks from Disney are not relevant to the ultimate issues in this class action, which are whether Coverall misclassified Plaintiffs as independent contractors and whether Coverall breached its "franchise" contracts with

1   Plaintiffs.

2        Furthermore, the existence of any relevant information in Teresa Salas' current personnel

3   file is purely speculative, and Coverall has had other, less intrusive means to obtain any relevant

4   information. Coverall took Teresa Salas' deposition less than two (2) months ago and questioned

5   her extensively. Additionally, Coverall has propounded interrogatories and requests for production

6   of documents upon Teresa Salas, so they certainly could have used these discovery methods to

7   discover the information they now seek through the Subpoena. *See Sanchez*, 936 F.2d at 1034

8   (production of undisputably relevant personnel files denied where most of the information could

9   be obtained through interrogatories). Accordingly, because the documents are not relevant, the

10  Court should grant Plaintiffs' Motion to Quash.

11       **III.   CONCLUSION**

12       The Subpoena should be quashed because it is untimely and because it was not served in

13  accordance with Rule 45. Moreover, Teresa Salas' privacy interest in her current employment

14  records outweighs Coverall's need for discovery of information that is neither relevant nor

15  reasonably calculated to lead to the discovery of admissible evidence. Therefore, Plaintiffs

16  respectfully request that the Court quash Coverall's subpoena to Disney.

17                                                CADENA CHURCHILL, LLP

18

19  Dated: January 28, 2011               By: _____
                                              Raul Cadena (185787)
20                                            Attorney for Plaintiffs

21

22

23

24

25

26

27

28

Plaintiffs' Motion to Quash Subpoena
Case No.:_____

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Sabrina Laguna, et al. | **DEFENDANTS**<br>Coverall North America, Inc.; Allied Capital Corporation; Ares Capital Corporation; CNA Holding Corporation; and Ted Elliott |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Please see "Attachment 1" | Attorneys (If Known)<br><br>Please see "Attachment 2" |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. sections 1332(d), 1453; causes of action: wage claims, contract claims.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty<br>☐ 540 Mandamus/Other | ☐ 740 Other Labor |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment<br>☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent<br>☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck<br>☐ 650 Airline Regs | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land<br>☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**SACV11-00169**

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case?  ☑No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                             ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                             ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                             ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County.<br>Orange County. | San Diego |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Delaware;<br>Maryland;<br>Florida. |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  1/28/11

    Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

## ATTACHMENT "1"

### ATTORNEYS FOR THE PLAINTIFFS:

L. TRACEE LORENS (SBN 150138)  (tracee@lorenslaw.com)
WAYNE ALAN HUGHES (SBN 48038)  (waynecloud@aol.com)
**LORENS & ASSOCIATES, APLC**
701 "B" Street, Suite 1400
San Diego, CA 92101
Telephone: 619.239.1233
Facsimile:  619.239.1178

RAUL CADENA (SBN 185787)  (rcadena@cadenachurchill.com)
NICOLE R. ROYSDON (SBN 262237) (nroysdon@cadenachurchill.com)
**CADENA CHURCHILL, LLP**
701 "B" Street, Suite 1400
San Diego, CA 92101
Telephone: 619.546.0888
Facsimile:  619.923.3208

## ATTACHMENT "2"

### ATTORNEYS FOR THE DEFENDANTS:

Jeffrey A. Rosenfeld, Esq.
Nancy Nguyen Sims, Esq.
**DLA Piper LLP (US)**
1999 Avenue of the Stars, Fourth Floor
Los Angeles, CA 90067

Counsel for DEFENDANT
COVERALL NORTH AMERICA, INC., CNA
HOLDING CORPORATION, and TED ELLIOTT
Telephone: 310.595.3000
Facsimile: 310.595.3300

Michelle C. Doolin, Esq.
Mazda K. Antia, Esq.
Benjamin F. Chapman, Esq.
**Cooley LLP**
4401 Eastgate Mall
San Diego, CA 92121

Counsel for DEFENDANT
ALLIED CAPITAL CORPORATION and ARES
CAPITAL CORPORATION
Telephone: 858.550.6000
Facsimile: 858.550.6420

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## SACV11- 169 DOC (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.