JEFFREY A. ROSENFELD (Bar No. 136896)
NANCY NGUYEN SIMS (Bar No. 215869)
MONICA N. DOURNAEE (Bar No. 268109)
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400, North Tower
Los Angeles, CA  90067-4704
Tel:  310.595.3000
Fax:  310.595.3300

NORMAN M. LEON (*Admitted Pro Hac Vice*)
**DLA PIPER LLP (US)**
203 North LaSalle Street, Suite 1900
Chicago, Illinois  60601-1293
Tel:  312.368.4000
Fax:  312.236.7516

Attorneys for Defendants
COVERALL NORTH AMERICA, INC., CNA HOLDING
CORPORATION, and TED ELLIOTT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA LAGUNA, an individual; CARLOS ACEVEDO, an individual; TERESA SALAS, an individual; and ROES 3-50 on behalf of themselves and in a representative capacity for all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COVERALL NORTH AMERICA, INC., a Delaware corporation; ALLIED CAPITAL CORPORATION, a Maryland corporation; ARES CAPITAL CORPORATION, a Maryland corporation; CNA HOLDING CORPORATION, a Delaware Corporation; TED ELLIOT, an individual; DOES 5-50 inclusive,<br><br>Defendants. | CASE NO.  SACV11-00169-DOC<br><br>*(Assigned to the Honorable David O. Carter)*<br><br>**COVERALL NORTH AMERICA, INC.'S OPPOSITION TO MOTION TO QUASH DEPOSITION FILED BY NON-PARTY OBJECTOR AMRIT SINGH**<br><br>Date:      TBD<br>Time:     TBD<br>Place:     Courtroom 9D<br><br>Complaint Filed:    August 3, 2008<br>Discovery Cut-Off:  February 1, 2011<br>Trial Date:              February 27, 2012 |

EAST\47152359.1

DEFENDANT COVERALL NORTH AMERICA, INC.'S OPPOSITION TO MOTION TO
QUASH DEPOSITION FILED BY AMRIT SINGH

1       Defendant Coverall North America, Inc. ("Coverall") respectfully submits
2   this Opposition to the Motion to Quash filed by Non-Party/Objector Amrit Singh
3   ("Singh").  Coverall was required to submit this opposition separately rather than in
4   the format required by Local Rule 37 because Mr. Singh did not provide Coverall
5   with a reasonable amount of time (and certainly not the time allotted under Local
6   Rule 37-2.2) in which to respond to his moving papers.

7   **I.     INTRODUCTION**

8       Singh's Motion to Quash should be denied because it not only fails to
9   disclose, but directly contravenes, the terms of the Order that expressly gave
10  Coverall the right to take the deposition that Singh now claims it is not entitled to
11  take.  According to Singh, the deposition subpoena that was served upon him
12  should be quashed because Coverall has allegedly failed to show that his deposition
13  is necessary – which Singh claims is a prerequisite to the taking of his deposition.
14  But Singh never so much as mentions to this Court that the District Judge that
15  preliminarily approved the settlement at issue (the Honorable Jeffrey Miller of the
16  United States District Court for the Southern District of California) has already
17  issued an Order that specifically requires objecting class members to make
18  themselves available for deposition.  Singh, in seeking to quash his subpoena, is
19  effectively asking this Court to conclude that Judge Miller abused his discretion in
20  deciding that objecting class members had to appear for deposition.

21      This putative class action has been pending since August 2008 and, since its
22  removal to federal court in September 2009, has been before Judge Miller.  On
23  September 19, 2011, after consideration of the parties' evidence, papers, and oral
24  argument, Judge Miller entered an Order granting preliminary approval of the class
25  settlement in this case.  *See* Court Order Granting Preliminary Approval of Class
26  Settlement and Provisional Class Certification, Ex. A.  The Order imposes a
27  number of requirements on all class members who wish to object to the settlement,
28  including that the class member must offer a date for his or her deposition and must

1  appear for questioning *prior to* the Final Approval Hearing.  Singh's objection
2  failed to comply with these and several other prerequisites.

3      As a result of Singh's failure to offer an available date for deposition,
4  Coverall was forced to locate and serve him with a deposition subpoena on October
5  29, 2011, an undertaking that required both significant effort and costs.  *See* Proof
6  of Service, Ex. B.  The subpoena set the deposition for November 10, 2011.  *See*
7  Subpoena, Ex. C.  Singh's counsel subsequently informed Coverall's counsel that
8  they intended to challenge the subpoena via a motion to quash.[1]

9  **II.     THE PARTIES' MEET AND CONFER EFFORTS**

10     On November 2, 2011, Singh's counsel demanded that Coverall withdraw the
11  subpoena.  Declaration of Nancy Nguyen Sims ("Sims Decl."), Ex. 1.  Coverall's
12  counsel responded that same day, advising Singh's counsel that the Order and the
13  Settlement Agreement specifically required objecting class members to appear for
14  deposition.  Sims Decl., Ex. 2.

15     Apparently not convinced that the Court's Order was sufficient authority,
16  Singh's counsel contacted Coverall's counsel on November 4, 2011 to meet and
17  confer, as instructed by the research attorney for Magistrate Judge Bernard Skomal
18  in the Southern District of California, in anticipation of his filing of a motion to
19  quash the subpoena.  Sims Decl., ¶ 4.  On November 7, 2011, counsel for Singh and
20  Coverall participated in another meet and confer call with Judge Skomal's research
21  attorney.  Sims Decl., ¶ 5.  During that conference, the research attorney informed
22  Singh's counsel that, because the subpoena was issued out of the Central District,
23  she was attempting to file in the wrong jurisdiction.  Sims Decl., ¶ 5.

24     On November 8, Singh's counsel forwarded a copy of a proposed Stipulation
25  for Coverall's review.  Sims Decl., Ex. 3.  Because the Stipulation consisted of a

26
27  _____
[1]     Singh's counsel also coincidentally serves as the plaintiffs' counsel in
another class action brought against Coverall in the United States District Court for
the District of Massachusetts.
28

DLA PIPER LLP (US)
LOS ANGELES

EAST\47152359.1                                    -2-
DEFENDANT COVERALL NORTH AMERICA, INC.'S OPPOSITION TO MOTION TO
QUASH DEPOSITION FILED BY AMRIT SINGH

1   mere five sentences, did not contain any points and authority, and did not even

2   mention Judge Miller's Order, Coverall inquired as to whether this was the entirety

3   of Singh's motion.  Sims Decl., Ex. 3.  Singh's counsel first responded to this

4   inquiry by asserting that they were not obligated to share their points and

5   authorities with Coverall.  Sims Decl., Ex. 4.  Subsequently, Singh's counsel

6   acquiesced.  However, the email they sent forwarding their motion and supporting

7   papers demanded that Coverall provide its section for the Stipulation within two

8   hours.  Sims Decl., Ex. 5.  While Coverall's counsel advised Singh's counsel that

9   this was not a reasonable amount of time, Singh nonetheless filed his motion

10  without Coverall's portion, in violation of the Court's Local Rules.  Sims Decl. Ex.,

11  6.

12  **III.   THE COURT SHOULD DENY SINGH'S MOTION BECAUSE  HE FAILED TO COMPLY WITH THE COURT'S LOCAL RULES**

13

14          While legally groundless, Singh's motion should be denied because Singh

15  has refused to comply with the Court's Local Rules.  Local Rule 37 governs the

16  procedure for briefing discovery disputes.[2]  Specifically, Local Rule-37-2.2 states in

17  relevant part:

18              Following the conference of counsel, counsel for the
                moving party shall deliver "to counsel for the opposing
19              party the moving party's portion of the stipulation,
                together with all declarations and exhibits to be offered in
20              support of the moving party's position.  Unless the parties
                agree otherwise, **within seven (7) days** of receipt of the
21              moving party's papers, counsel for the opposing party
                shall personally deliver, e-mail, or fax to counsel for the
22              moving party the opposing party's portion of the
                stipulation, together with all declarations and exhibits to
23              be offered in support of the opposing party's position.

24  Local R. 37-2.2 (emphasis added).

25          In recognition of the significance of this requirement, Local Rule 37-2.4

26  specifically states, in relevant part:

27  _____

28  [2]      Local Rule 45-1 states that Local Rule 37 applies to motions relating to
    discovery subpoenas served on non-parties represented by counsel.

DLA PIPER LLP (US)
LOS ANGELES

EAST\47152359.1                                        -3-
DEFENDANT COVERALL NORTH AMERICA, INC.'S OPPOSITION TO MOTION TO
QUASH DEPOSITION FILED BY AMRIT SINGH

> The Court **will not consider** any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing that opposing counsel: (a) failed to confer in a timely manner in accordance with L.R. 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a timely manner in accordance with L.R. 37-2.2; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added.

Local R. 37-2.2 (emphasis added).

Singh failed to comply with both of these Local Rules by refusing to provide Coverall with ample time to prepare a response and by failing to submit the dispute to the Court in the form of a joint stipulation.  As noted above, Singh's counsel initially took the position that they were not even required to provide their moving papers to Coverall.  After prompting from Coverall's counsel, they ultimately forwarded their moving papers – which consist of 7 pages of points and authorities, a 4-page declaration, and 4 exhibits – in an e-mail at 9:21 a.m.  Sims Decl., Ex. 5; *see also* Singh's Notice of Motion and Emergency Motion to Quash Subpoena and supporting documents.  Singh's counsel refused, however, to comply with the timeframe set forth in Local Rule 37-2.2 (or any reasonable modification of that timeframe) by demanding that Coverall provide its portion of the Stipulation within "two hours" – an arbitrary deadline that was neither reasonable nor fair.  *Id.* Singh's counsel is all the more unreasonable in light of the significant amount of time they had to prepare their motion to quash (Singh had been served with the subpoena 10 days prior).  Proof of Service, Ex. B.

Counsel for the parties subsequently exchanged a number of e-mails in which Coverall's counsel stated the impossibility of complying with the extremely short and unreasonable two-hour deadline, especially given the length of the moving papers.  Sims Decl., Ex. 6.  At 12:17 p.m., counsel for Singh stated that they "are ready to file the motion" and demanded to know if Coverall's portion was ready.  Sims Decl., Ex. 7.  Coverall's counsel responded that their portion was not yet ready, but that they were working to get it done as quickly as possible.  Sims Decl.,

Ex. 7.  Singh nonetheless filed his motion without Coverall's portion.

Local Rule 37 is straightforward and clear.  The Court "**will not consider**" any motion where the moving party fails to submit a joint stipulation or a declaration attesting to one of three facts.  Local R. 37-2.2 (emphasis added).  None of the three facts apply in this case – and Singh never contends otherwise.[3]  For this reason alone, Singh's motion should be rejected.

## IV.   SHOULD THIS COURT REACH THE MERITS OF THIS DISPUTE, IT SHOULD DENY SINGH'S MOTION TO QUASH

### A.   The Southern District of California Has Already Issued An Order Permitting Class Member Deposition

If this Court reaches the merits of this motion (which it should not), it should deny Singh's request because Judge Miller of the Southern District of California has already issued an Order that expressly permits depositions of objecting class members, including Singh.  On November 9, 2011, Judge Miller issued an Order granting preliminary approval of the class settlement in this case.  Paragraph 3 of the Order, entitled "Objection to Settlement", sets forth the obligations of any class members who wish to object to the settlement.  Order 3:3-4:3.  Specifically, the Order states, in relevant part:

> Class members who have not submitted a timely written exclusion request pursuant to paragraph 5 below and who want to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed Settlement **must comply with paragraph 13.3 of the Settlement Agreement** and must deliver written objections on or

---

[3]     The first factor – that the opposing counsel failed to meet and confer in a timely manner – does not apply because Coverall's counsel met and conferred on the very same day they were first contacted by Singh's counsel.  The second factor – that opposing counsel "failed to provide the opposing party's potion of the joint stipulation in a timely manner in accordance with L.R. 37-2.2" – also does not apply.  Local Rule 37-2.2 allows the opposing party 7 days to prepare its response.  Here, it is undisputed that Coverall was given only hours.  The third factor – that "opposing counsel refused to sign and return the joint stipulation after the opposing party's portion was added" – also does not apply because the parties never reached that point in time, given that Coverall did not have time to even complete its portion of the joint stipulation.

1  |  before October 24, 2011 to Plaintiffs' Counsel and Defendants' Counsel and must file such objection with the court.

2

3  Order 3:3-9 (emphasis added).

4  Paragraph 13.3 of the Settlement Agreement (which is on the Court's docket

5  and available through PACER) sets forth a number of prerequisites to a valid

6  objection and mandates the following:

7  |  Objecting Settlement Class Members must also make themselves available for deposition by Settlement Class Counsel and/or counsel for Defendants between the time the objection is filed and the date of the Fairness Hearing, and the objection must include the date when the objecting Settlement Class Member will so present for deposition.[4]

8

9

10

11  Settlement Agreement, Ex. D, p. 14, ¶13.3.   The obligation of objecting class

12  members to produce themselves for deposition is repeated in the Class Notice that

13  was sent to and received by Singh.[5]  Class Notice, p. 6, para. 3.  Singh refused to

14  comply with either of these obligations, as he (i) failed to provide an available

15  deposition date in his written objection, and (ii) is refusing to appear for deposition

16  despite the fact that he was served with a subpoena.  *See generally* Notice of

17  Emergency Motion and Emergency Motion to Quash Subpoena of Class

18  Member/Objector Amrit Singh To Testify At Deposition, Ex. A.

19  In an effort to justify his failure to comply with the Court's Order, Singh now

20  contends that the parties should "wait until after the fairness hearing, to allow the

21  presiding judge in this case, the Honorable Jeffrey T. Miller, to determine whether

22  any discovery, or other further factual development, is warranted."  Motion 2:23-

23  3:2.  But this argument wholly ignores the fact that **Judge Miller has already**

24  **considered this very issue and, after doing so, entered an Order that expressly**

25

26  [4]     During the meet and confer discussions, counsel for Coverall quoted and provided this language to Singh's counsel.  Sims Decl., Ex. 2.

27  [5]     There can be no dispute over whether Singh received a copy of the Class Notice because he returned his claim form, which was sent to him in the same envelope with the Class Notice, on October 17, 2011.  Sims Decl. ¶ 11.

28

**requires all objecting class members to present themselves for deposition prior to the Fairness Hearing**.  Order 3:3-9; Settlement Agreement, p. 14, ¶13.3.  By this motion, Singh is effectively asking this Court to disregard and overturn an Order issued by Judge Miller, who has been presiding over this case for over two years.  Respectfully, this Court should reject that request.

### B.   No Chilling Effect Would Result From Mr. Singh's Deposition

While legally irrelevant (given the clear terms of Judge Miller's Order) Singh's claim that the deposition subpoena will somehow chill objections is factually unfounded for at least two reasons.  First, proceeding with this deposition would have no chilling effect because the deadline for objections has passed.  Singh submitted his objection papers (the validity of which is in question, but that is not an issue before this Court) on the last day allowable under the Court's Order.  *See* Notice of Emergency Motion and Emergency Motion to Quash Subpoena of Class Member/Objector Amrit Singh To Testify At Deposition, Ex. A.  His deposition subpoena was served days after this deadline.  Proof of Service, Ex. B.  Because no further objections are permitted, there are no potential objections that could be deterred by Singh's deposition.  Second, Singh filed an objection, despite the fact that the Class Notice that he received specifically advised him that he would have to appear for deposition.  Therefore, the obligation to appear for deposition did not chill him from objecting.  In fact, while his counsel has stated that Singh intends to present his objection through counsel at the fairness hearing (Motion 6:3-7), Singh has expressed an intent to testify at the fairness hearing, as his Objection lists him as the very first witness.  Objection, p. 2.

### C.   Singh's Legal Authority Supporting His Motion Is Inapposite

The case authority cited by Singh does not support quashing the subpoena for his deposition.  Singh's motion relies heavily on an order granting a motion to quash in *Daniels v. Lifelock Inc. Marketing & Sales Practices Litigation*, No. 10-

1  cv-01554-IEG-POR, Docket No. 8 (S.D. Cal July 7, 2010), in which the Southern

2  District of California issued an order quashing a subpoena served on a class

3  member.  The facts in *Daniels*, however, are entirely distinguishable from those at

4  issue in the present case.  In *Daniels*, the court expressly acknowledged that the

5  district had **not** authorized the deposition at issue.  As a result, the party seeking the

6  deposition needed to request permission from that court before it could take the

7  deposition.   In this case, the district court has already issued an Order that

8  specifically permits depositions of objecting class members, including Singh.

9  Order 3:3-9.  Singh simply does not wish to adhere to that Order and, thus, seeks

10  the assistance of this Court to avoid it.

11      Singh also relies on *Jaffe v. Morgan Stanley & Co., Inc.*, No. C06-3903TEH,

12  2008 WL 346417 (N.D. Cal. 2008), for the proposition that there is no absolute

13  right of discovery at the settlement approval stage.   His reliance on this case,

14  however, is misplaced.   *Jaffe* involved a request for discovery *by* objecting class

15  member, not from objecting class members.  There, the objecting class members

16  (*i.e.*, someone in Singh's position in this case) sought discovery, which the district

17  court denied.  *Id.* at *2.  These facts, therefore, have no application to the dispute at

18  bar, particularly in light of Judge Miller's Order expressly authorizing depositions

19  of objecting class members.[6]

20  ///

21

22  ///

23

24  ///

25

26  [6]      Singh's other case authority is for the general proposition that a court has
   discretion to permit discovery and depositions of class members.   It important to
27  note again that the Court in this case has already exercised that discretion.   The
   Southern District of California deemed the class members depositions in this case
28  to be appropriate and issued an Order expressly permitting them to go forward.
   Order 3:3-9.  That should be the end of the analysis.

DEFENDANT COVERALL NORTH AMERICA, INC.'S OPPOSITION TO MOTION TO
QUASH DEPOSITION FILED BY AMRIT SINGH

1

## V.      CONCLUSION

2

3           For the foregoing reasons, Coverall respectfully requests that the Court deny

Singh's motion to quash.

4    Dated:  November 9, 2011              DLA PIPER LLP (US)

5

6                                         By /s/ Nancy Nguyen Sims
                                             JEFFREY A. ROSENFELD
7                                            NANCY NGUYEN SIMS
                                             Attorneys for Defendants
8                                            COVERALL NORTH AMERICA, INC.,
                                             CNA HOLDING CORPORATION, and
9                                            TED ELLIOTT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT COVERALL NORTH AMERICA, INC.'S OPPOSITION TO MOTION TO
QUASH DEPOSITION FILED BY AMRIT SINGH

# EXHIBIT A

1

2

3

4

5

6

7

8             **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  SABRINA LAGUNA, an individual;          CASE NO. 3:09-CV-02131-JM (BGS)
    CARLOS ACEVEDO, an individual;
    TERESA SALAS, an individual; and        *(Assigned to Hon. Jeffrey T. Miller and*
12  ROES 3-50 on behalf of themselves and in *Hon. Bernard G. Skomal)*
    a representative capacity for all others
13  similarly situated,

14                Plaintiffs,               **CLASS ACTION**

15          v.                             **ORDER GRANTING PRELIMINARY**
                                           **APPROVAL OF CLASS SETTLEMENT**
                                           **AND PROVISIONAL CLASS**
16  COVERALL NORTH AMERICA, INC.,          **CERTIFICATION**
    a Delaware corporation; ALLIED
17  CAPITAL CORPORATION, a Maryland
    corporation; ARES CAPITAL
18  CORPORATION, a Maryland corporation;
    CNA HOLDING CORPORATION, a             Judge: Hon. Jeffrey T. Miller
19  Delaware Corporation; TED ELLIOTT, an  Courtroom: 16
    individual; DOES 5-50 inclusive,
20
                Defendants.
21

22

23          On September 12, 2011, the parties submitted a Motion for Conditional Certification of

24  Class for Settlement Purposes Only and for Preliminary Approval of Class Action Settlement.

25  (Doc. No. 241).  On September 19, 2011, the court heard argument concerning the Motion.

26  The court reviewed the Motion, including the Settlement Agreement and Release

27  ("Agreement"), and the attendant submissions.  Based on this review and the findings below,

28

the court HEREBY ISSUES THE FOLLOWING

**FINDINGS:**

1. The Agreement is fair, reasonable, and adequate;

2. The Notice of Class Action Settlement ("Notice") and the Claim Form comply with due process because the notice and form are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement or object to the settlement;

3. The Class is so numerous that joinder of all Class Members is impracticable;

4. The claims of Sabrina Laguna, Carlos Acevedo, and Teresa Salas (Plaintiffs") claims are typical of the Class' claims;

5. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members; and

6. Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

**IT IS ORDERED THAT:**

1. **Settlement Approval.** The Agreement, including the Notice and Claim Form in substantially the same form attached to the Agreement as Exhibits B & C, is preliminarily approved.

2. **Provision of Class Notice and Claim Form.** Defendants will notify Class Members of the settlement in the manner specified under Paragraph 14 of the Agreement and will also provide Class Members who are Former Franchise Owners with the Claim Form. Class Members who are former Coverall Franchise Owners must accurately complete and deliver a Claim Form to the Claims Administrator postmarked no later than November 8, 2011.

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

EX A, PG 11

1  Defendants will pay all reasonable costs associated with claims administration and

2  providing notice to class members.

3  3.  **Objection to Settlement**.   Class members who have not submitted a timely written

4  exclusion request pursuant to paragraph 5 below and who want to object to the fairness,

5  reasonableness or adequacy of the Settlement Agreement or the proposed Settlement must

6  comply with paragraph 13.3 of the Settlement Agreement and must deliver written

7  objections on or before October 24, 2011 to Plaintiffs' Counsel and Defendants' Counsel

8  and must file such objection with the court.  If any objector intends to appear at the Final

9  Fairness and Approval Hearing, whether in person or through counsel, he or she will

10  include notice of the fact and state the purpose for his or her appearance in his or her

11  objection.  Class Members, or their attorneys, intending to make an appearance at the Final

12  Fairness and Approval Hearing, must deliver to Settlement Class Counsel and Defendants'

13  counsel, and file with the court, by Monday, October 24, 2011, a Notice of Intention to

14  Appear.  The Notice of Intention to Appear must: (a) state how much time the Settlement

15  Class Member and/or their attorney anticipates needing to present the objection; (b)

16  identify, by name, address, telephone number and detailed summary of testimony, all

17  witnesses from whom the Settlement Class Member and/or their attorney intends to present

18  any testimony; and (c) identify all exhibits the Settlement Class Member and/or their

19  attorney intends to offer in support of the objection and attach complete copies of all such

20  exhibits.  After timely submitting a written objection and Notice of Intent to appear, any

21  objector may appear personally or by counsel at the Final Fairness and Approval Hearing

22  and express his or her views regarding the fairness and reasonableness of the Settlement as

23  set forth in the Settlement Agreement, Settlement Class Counsel's application for an award

24  of attorneys' fees and costs, and the application for an enhancement award to the Class

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1    Representatives, and may present evidence and file other papers relevant to the issues to be

2    heard and determined by this court.

3    4.   **Failure to Object to Settlement.**  Class members who fail to object to the Agreement in

4    the manner specified above will: (a) be deemed to have waived their right to object to the

5    Agreement; (b) be foreclosed from objecting (whether by a subsequent objection,

6    intervention, appeal, or any other process) to the Agreement; and (c) not be entitled to

7

8    speak at the Fairness Hearing.

9    5.   **Requesting Exclusion.**  Class members who want to be excluded from the settlement must

10   send a letter or postcard to the Claims Administrator no later than October 24, 2011

11   stating: (a) the name of the Action and case number, "*Laguna, et al. v. Coverall North*

12   *America, Inc., et al.,* S.D. Cal. Case No. 09-cv-02131," (b) the full name, address, and

13   telephone number of the person requesting exclusion, and (c) a statement that the person is

14

15   a Settlement Class Member and wishes to be excluded from the Class.  The delivery date is

16   deemed to be the date the form is deposited in the U.S. Mail as evidenced by the postmark.

17   No request for exclusion will be valid unless all of the information above is included.

18   Coverall is to provide Settlement Class Counsel a list of Class members who have timely

19
     and validly excluded themselves from the Class no later than ten (10) business days before
20

21   the filing date for Plaintiffs' motion in support of the final approval of the Settlement

22   Agreement.

23   6.   **Provisional Certification.**  The Class is provisionally certified as a class of all persons or

24   entities who (1) executed a Janitorial Franchise Agreement with Coverall for a franchise to

25   be located in the State of California, and (2) between August 8, 2004, and entry of the

26   Preliminary Approval Order, performed janitorial or cleaning services in the State of

27   California pursuant to a Janitorial Franchise Agreement entered into between the person(s)

28

                                        -4-                        3:09-cv-02131-JM (BGS)

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1    or entity and Coverall.

2    7. **Appointment of Class Representatives and Class Counsel**. Plaintiffs Sabrina Laguna,

3      Carlos Acevedo, and Teresa Salas are conditionally certified as the Class Representatives

4      to implement the Parties' settlement in accordance with the Agreement. L. Tracee Lorens

5      of Lorens and Associates, APLC, and Raul Cadena of Cadena Churchill, LLP, are

6      appointed as Settlement Class Counsel. Plaintiffs and Settlement Class Counsel must

7      fairly and adequately protect the Class' interests.

8

9    8. **Termination**. If the Agreement terminates for any reason, the following will occur: (a)

10      Class certification will be automatically vacated; (b) Plaintiffs will revert to functioning as

11      putative class representatives as if no class had been certified; and (c) this Action will

12      revert to its previous status in all respects as it existed immediately before the Parties

13      executed the Agreement. This Order will not waive or otherwise impact the Parties' rights

14      or arguments.

15

16    9. **No Admissions.** Nothing in this Order is, or may be construed as, an admission or

17      concession on any point of fact or law by or against any Party.

18    10. **Fairness Hearing**. On November 21, 2011, at 9:00 a.m., or as soon thereafter as may be

19      heard, this court will hold a Final Fairness and Approval Hearing to determine whether: (a)

20      the Agreement should be finally approved as fair, reasonable, and adequate; (b) Settlement

21      Class Counsel's Application for an award of attorneys' fees and costs should be granted;

22      and (c) subject to the terms of the Settlement Agreement, the court should approve an

23      incentive award to the Class Representatives. All papers supporting Final Approval of this

24      Agreement, including Settlement Class Counsel's application for attorneys' fees, costs,

25      expenses and incentive award, must be filed with the court seven (7) days prior to the Final

26      Fairness and Approval Hearing. This court may order the Final Fairness Hearing to be

27

28

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

postponed, adjourned, or continued.  If that occurs, Defendants will not be required to provide additional notice to class members.


**IT IS SO ORDERED.**


Dated: September 19, 2011

Hon. Jeffrey T. Miller
United States District Court Judge

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

EX A, PG 15

**EXHIBIT B**

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the
Central District of California

| | | |
|---|---|---|
| SABRINA LAGUNA, ET AL. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:09-CV-02131-JM (BGS) |
| | ) | |
| COVERALL NORTH AMERICA, INC., ET AL. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Southern District of California) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
    Amrit Singh, 6954 Fraser Fir Drive, Fontana, CA 92336

    ☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: <br> Veritext, 3090 Bristol St., Suite 190, Costa Mesa, CA 92626 | Date and Time: <br> November 10, 2011, at 10:00 a.m. |
|---|---|

    The deposition will be recorded by this method:    Stenographically, by audio and video, and through the instant display of visual testimony

    ☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  October 26, 2011

            *CLERK OF COURT*

                                  OR

_____        _____
   *Signature of Clerk or Deputy Clerk*               *Attorney's signature*
                                       Nancy Nguyen Sims

The name, address, e-mail, and telephone number of the attorney representing: Coverall North America, Inc., et al.
Nancy Nguyen Sims (State Bar No. 215869)_____, who issues or requests this subpoena, are:
DLA Piper LLP (US)
200 Avenue of the Stars, Suite 400, North Tower, Los Angeles, CA 90067
Telephone: (310) 595-3000; nancy.sims@dlapiper.com

EAST\47002194.1

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:09-CV-02131-JM (BGS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Amrit Singh

was received by me on *(date)*  10-26-11

☒ I served the subpoena by delivering a copy to the named individual as follows: Amrit Singh

_____ on *(date)* 10-29-11 ; or

☐ I returned the subpoena unexecuted because _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 94.06

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00

I declare under penalty of perjury that this information is true.

Date: 11-2-11

*Edmundo P. Rodriguez*
*Server's signature*

Edmundo Rodriguez, Process Server
*Printed name and title*

1725 Beverly Blvd. Ste 207 Los Angeles, CA 90026
*Server's address*

Additional information regarding attempted service, etc:



EX B, PG 17

**EXHIBIT C**

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the
Central District of California

| | | |
|---|---|---|
| SABRINA LAGUNA, ET AL. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:09-CV-02131-JM (BGS) |
| | ) | |
| COVERALL NORTH AMERICA, INC., ET AL. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Southern District of California) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
    Amrit Singh, 6954 Fraser Fir Drive, Fontana, CA 92336

    ☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| Veritext, 3090 Bristol St., Suite 190, Costa Mesa, CA 92626 | November 10, 2011, at 10:00 a.m. |

The deposition will be recorded by this method:    Stenographically, by audio and video, and through the instant display of visual testimony

    ☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  October 26, 2011

                *CLERK OF COURT*

                                  OR

            *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

                                                 Nancy Nguyen Sims

The name, address, e-mail, and telephone number of the attorney representing: Coverall North America, Inc., et al.
Nancy Nguyen Sims (State Bar No. 215869) _____, who issues or requests this subpoena, are:
DLA Piper LLP (US)
200 Avenue of the Stars, Suite 400, North Tower, Los Angeles, CA 90067
Telephone: (310) 595-3000; nancy.sims@dlapiper.com

EAST\47002194.1

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:09-CV-02131-JM (BGS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Amrit Singh _____

was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00
                                                                                            _____

I declare under penalty of perjury that this information is true.

Date: _____              _____
                                                        *Server's signature*

                                          _____
                                                        *Printed name and title*

                                          _____
                                                        *Server's address*

Additional information regarding attempted service, etc:



1

## PROOF OF SERVICE

2        I am a resident of the State of California, over the age of 18 years, and not a party to the
within action.  My business address is 2000 Avenue of the Stars, Suite 400, North Tower, Los
3   Angeles, California  90067.  On October 27, 2011,  I served the foregoing document(s):

4        **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

5   on the interested parties to this action by placing a true copy thereof enclosed in sealed envelopes
as stated below

6
        ☒        **(BY MAIL)**  The envelope was mailed with postage thereon fully prepaid.  I am
7                readily familiar with the firm's practice of collection and processing
                 correspondence for mailing.  Under that practice it would be deposited with U.S.
8                postal service on that same day with postage thereon fully prepaid at Los
                 Angeles, California in the ordinary course of business.  I am aware that on
9                motion of the party served, service is presumed invalid if postal cancellation date
                 or postage meter date is more than one day after date of deposit for mailing in
10               affidavit.

11  L. Tracee Lorens, Esq.                       *Attorneys for Plaintiffs*
    Wayne A. Hughes, Esq.
12  Lynn M. Beekman, Esq.
    LORENS & ASSOCIATES
13  701 B Street, Suite 1400
    San Diego, CA 92101
14  Fax: 619-239-1178
    tracee@lorenslaw.com
15  lynn@lorenslaw.com

16  Raul Cadena, Esq.                            *Attorney for Plaintiffs*
    CADENA CHURCHILL
17  701 B Street, Suite 1400
    San Diego, CA 92101
18  Fax: 619-923-3208
    rcadena@cadenachurchill.com
19
    Mazda Antia, Esq.                            *Attorneys for Allied Capital Corporation and*
20  COOLEY GODWARD KRONISH LLP                   *Ares Capital Corporation*
    4401 Eastgate Mall
21  San Diego, CA 92121
    Fax: 858-550-6420
22  mantia@cooley.com

23
        I declare that I am employed in the office of a member of the bar of this court at whose
24  direction the service was made.

25      Executed on October 27, 2011, at Los Angeles, California.

26

27                                      Susan Byrd

28

PROOF OF SERVICE

EX C, PG 20

**EXHIBIT D**

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement (which, together with all exhibits, is referred to herein as the "Agreement" or "Settlement Agreement") is entered into by and between Defendants Coverall North America, Inc. ("Coverall"), CNA Holding Corporation, Allied Capital Corporation, Ares Capital Corporation, and Ted Elliott (collectively, "Defendants"), on the one hand, and Sabrina Laguna, Carlos Acevedo and Teresa Salas (collectively, the "Named Plaintiffs"), individually and on behalf of the Settlement Class (as defined below), on the other hand.

## RECITALS

WHEREAS, on August 8, 2008, Sabrina Laguna ("Laguna") filed a putative class action complaint against Coverall in the Superior Court of San Diego County, California (the "State Court Action"). Laguna filed an amended complaint approximately one year later, on August 20, 2009, which added Allied Capital Corporation ("Allied") as a defendant.

WHEREAS, on September 29, 2009, Allied removed the State Court Action to the United States District Court for the Southern District of California pursuant to the Class Action Fairness Act of 2005, codified in part at 28 U.S.C. §§ 1332 and 1453.

WHEREAS, on October 25, 2010, Laguna filed an amended complaint (the "Third Amended Complaint") that, among other things (i) added two new Plaintiffs, Teresa Salas and Carlos Acevedo, (ii) added three new defendants, CNA Holding Corporation ("CNA"), Ares Capital Corporation ("Ares") and Ted Elliott, and (iii) asserted alter ego and "joint employer" and/or "joint enterprise" theories of liability as to all Defendants.

WHEREAS, on or about November 15, 2010, Defendants moved to dismiss all of the claims in the Third Amended Complaint pursuant to Rules 12(b)(6), 12(b)(2) and (9)(b). On February 14, 2011, the Court granted that motion to dismiss in part, dismissing with prejudice the eleventh count (for theft of labor) as to all Defendants, and the seventh count (for failure to reimburse for reasonable business expenses) and eighth count (for unlawful deductions from wages) as to Ted Elliott only. By that same order, the Court allowed Plaintiffs to amend their first count (for breach of contract) and second count (for misleading advertising claim pursuant California Business and Professions Code §17500 *et seq.*).

WHEREAS, Plaintiffs filed a Fourth Amended Complaint (the "Complaint") on March 7, 2011. The Fourth Amended Complaint asserts claims for breach of contract (Count I), misleading advertising (Count II), failure to pay minimum wage (Count III), failure to pay overtime (Count IV), failure to provide rest periods or compensation in lieu thereof (Count V), failure to provide meal breaks of compensation in lieu thereof (Count VI), failure to reimburse for reasonable business expenses (Count VII), unlawful deductions from wages (Count VIII), conversion (Count IX), unfair business practices (Count X), theft of labor (Count XI), and injunctive relief (Count XII) all related to the Janitorial Franchise Agreements entered into by and between Named Plaintiffs and Coverall.

WHEREAS, on March 24, 2011, Defendants filed a motion to dismiss Plaintiffs' second count, for misleading advertising (the "Motion to Dismiss").

Ex. D ,Pg. 79

WHEREAS, contemporaneously, the parties engaged in class certification briefing.  On November 15, 2010, Plaintiffs filed a Motion for Class Certification.  That motion seeks certification of a class of "[a]ll individuals in the State of California who have executed a Janitorial Franchise Agreement with Defendants and performed services under said Agreement during the statutory time period" – *i.e.*, after August 8, 2004.  On March 18, 2011, Defendants filed their Opposition to Plaintiffs' Motion for Class Certification and, on April 1, 2011, Plaintiffs filed their Reply.

WHEREAS, on April 8, 2011, the Court took Plaintiffs' Motion for Class Certification and Defendants' Motion to Dismiss off calendar pending the United States Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*.

WHEREAS, on or around June 10, 2011, Defendants filed a motion, pursuant to Section 3 of the Federal Arbitration Act, to compel arbitration of the claims of Plaintiffs Sabrina Laguna and Teresa Salas, to strike the Complaint's class action allegations as to those two Plaintiffs, and to stay the action pending arbitration.  The Court subsequently requested supplemental briefing on whether it or an arbitrator was the proper party to address Plaintiffs' challenges to the enforceability of their arbitration agreements.

WHEREAS, the Parties have engaged in a number of arms-length settlement discussions, including (i) a full-day mediation with the Honorable Richard Haden, former judge of the San Diego Superior Court and an experienced mediator, on May 29, 2009, and (ii) on March 21, 2011, another a full-day mediation before the Honorable Leo Papas, former Magistrate Judge of the United States District Court for the Southern District of California, also an experienced judge and mediator.  With the assistance of Judge Haden and subsequently of Magistrate Judge Papas, whose assistance has continued beyond the date of the in-person mediation, the Parties reached a proposed settlement of this complex litigation;

WHEREAS, Settlement Class Counsel has concluded, after substantial discovery and extensive investigation of the facts and law, and after considering carefully both the pending motions and the substantial benefits that this Agreement provides, that it is in the best interests of the Settlement Class Members to enter into this Agreement to avoid the risk and uncertainty inherent in this complex litigation and to provide benefits to the Settlement Class Members.

WHEREAS, Settlement Class Counsel believe that, based on their investigation and analysis, that the Settlement set forth herein is fair, reasonable, adequate, and in the best interests of the Settlement Class Members.

WHEREAS, Defendants have denied, and continue to deny, all allegations of wrongdoing, and any allegations that Named Plaintiffs or Settlement Class Members have been harmed, suffered damages, or are otherwise entitled to relief in any form.  Defendants have denied, and continue to deny, that class certification is appropriate.

WHEREAS, Defendants have concluded, without conceding any wrongdoing or liability of any kind, that entering into this Agreement is desirable in order to avoid the burden of defending protracted litigation, to put the Action and related liabilities to rest, and also to serve as an appropriate vehicle for Defendants to provide the Named Plaintiffs and Settlement Class Members with the benefits provided for in this Agreement.

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, the Settling Parties hereby agree as follows:

1.    **Definitions.**  In addition to the terms defined elsewhere in this Agreement, the following terms shall have the meanings set forth below.  Any capitalized terms not defined herein shall have the meaning ascribed to them in the 2010 version of Coverall's Janitorial Franchise Agreement:

1.1    The "Action" means the civil action captioned *Sabrina Laguna, Carlos Acevedo, Teresa Salas, and Roes 3-50 v. Coverall North America, Inc., Allied Capital Corp., Ares Capital Corp., CNA Holding Corp., Ted Elliott, and Does 5 through 50*, Case No. 09-cv-02121-JM-BGS, as amended, which was initially filed on August 8, 2008, in the Superior Court of the County of San Diego, California, and which was removed to the United States District Court for the Southern District of California on September 29, 2009.

1.2    "Claim Deadline" means the date by which the Claim Form must be postmarked or delivered.

1.3    "Claim Form" and "Claim Forms" mean the form that Qualifying Claimants (as defined below) must submit to receive a payment.  The Claim Form must be substantially similar to the form attached as Exhibit C.

1.4    "Court" means the United States District Court for the Southern District of California.

1.5    "Current Franchise Owners" means those individuals or entities who entered into Janitorial Franchise Agreements with Coverall for franchises to be located in the State of California, and whose Janitorial Franchise Agreements have not been assigned, expired or been terminated, either by notice or by virtue of that franchisee's abandonment of their franchised business.

1.6    "Defendants" means Coverall North America, Inc., Allied Capital Corp., Ares Capital Corp., CNA Holding Corp., and Ted Elliott, their respective successors-in-interest, and any of their present or former parents, subsidiaries, divisions, affiliates, officers, directors, employees, trustees, principals, attorneys, agents, representatives, sales associates, distributors, vendors, shareholders, insurers and partners, as well as any person or entity acting or purporting to act on their behalf or on behalf of those in privity with them.

1.7    "Effective Date" means the date on which a Final Order (as defined below) is entered by the Court approving this Settlement without modification unless expressly agreed to by Defendants and Settlement Class Counsel.

1.8    "Fairness Hearing" means the hearing at which the Court decides whether to approve this Agreement as being fair, reasonable, and adequate.

1.9    "Fairness Hearing Order and Judgment" means a proposed order and judgment approving the Settlement of this Action.

Settlement Agreement and Release                                                                    3
Case No. 3:09-CV-02131-JM(BGS)

Ex. D , Pg. 8 1

1.10  "Final Order" or "Final Settlement" means the termination of the Action after the occurrence of each of the following events:

(a)  This Settlement Agreement is approved in all respects by the Court; and

(b)  An Order and Final Judgment of dismissal with prejudice is entered against all Named Plaintiffs and Settlement Class Members who do not opt out as provided in Rule 23 of the Federal Rules of Civil Procedure, and the time for the filing of any appeals has expired or, if there are appeals, approval of the Settlement and judgment has been affirmed in all respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

1.11  "Former Franchise Owners" means those members of the Settlement Class who entered into Janitorial Franchise Agreements with Coverall, but whose Janitorial Franchise Agreements have been assigned, expired or been terminated, either by notice or by virtue of that franchisee's abandonment of their franchised business.

1.12  "Named Plaintiffs" means Sabrina Laguna a/k/a Sabina Laguna, Carlos Acevedo, and Teresa Salas.

1.13  "New Franchise Owners" means those individuals or entities who enter into written Janitorial Franchise Agreements with Coverall for a franchise to be located in the State of California after the Effective Date.

1.14  "Notice Deadline" means the deadline set by the Court for the mailing of notice.

1.15  "Preliminary Approval and Provisional Class Certification Order" or "Preliminary Approval Order" means a proposed order preliminarily approving the settlement of this Action and provisionally certifying the Settlement Class.  This order must be substantially similar to the form attached as Exhibit A.

1.16  "Settlement Class" means the class defined in Paragraph 6 of this Agreement.

1.17  "Settlement Class Counsel" means L. Tracee Lorens and Wayne Alan Hughes of Lorens & Associates, APLC, and Raul Cadena and Nicole Roysdon, of Cadena Churchill, LLP.

1.18  "Settlement Class Members" means members of the Settlement Class.

1.19  "Settling Parties" means the Named Plaintiffs, all Settlement Class Members who do not exclude themselves from this Settlement, and Defendants.

2.  **Plaintiffs' Allegations.**  The Named Plaintiffs have sought to certify the Action as a class action under Rule 23 of the Federal Rules of Civil Procedure.  The Complaint alleges, among other things, as follows: (i) that Defendants breached the parties' agreements by failing to provide the guaranteed gross monthly volume of business, failing to disclose that Named

Plaintiffs and the Settlement Class Members will not be able to recoup their investments in their franchises, selling franchises while knowing that they did not have sufficient customer accounts to satisfy their obligations, and relying on pretext to remove franchisees from accounts; (ii) that Defendants engaged in misleading advertising, in violation of California Business and Professions Code §§ 17500 *et seq.*, by requiring that Named Plaintiffs and the Settlement Class Members purchase various types of insurance coverage and provide proof of the required coverage, unlawfully soliciting Named Plaintiffs and the Settlement Class Members' participation in insurance plans, failing to disclose that Defendants are allegedly engaged in the unlicensed sale of insurance, and failing to disclose the monies earned on the alleged sale of insurance; (iii) that Defendants misclassified Named Plaintiffs and the Settlement Class Members as independent contractors, and failed to pay Named Plaintiffs and the Settlement Class Members minimum wage and overtime, to provide for or provide compensation in lieu of rest breaks and meal breaks, and to reimburse for reasonable business expenses; (iv) that Defendants unlawfully deducted certain matters from Named Plaintiffs and the Settlement Class Members' wages; (v) that, by failing to pay and retaining the wages owed to Named Plaintiffs and the Settlement Class Members, Defendants converted monies owed to Named Plaintiffs and the Settlement Class Members; (vi) that Defendants engaged in unfair business practices, in violation of California Business and Professions Code § 17200 *et seq.*, based on Defendants' failure to pay Named Plaintiffs and the Settlement Class Members minimum wage and overtime, to provide for or provide compensation in lieu of rest breaks and meal breaks, and to reimburse for reasonable business expenses; and (vii) that Defendants defrauded Named Plaintiffs and the Settlement Class Members (collectively, the "Claims"). Named Plaintiffs also allege that Defendants are the alter egos of each other and joint employers of the Named Plaintiffs. Named Plaintiffs allege that Defendants are liable for, among other things, compensatory damages, interest, consequential damages, statutory penalties, punitive damages, and attorneys' fees and costs.

3.  **Denial of Liability.**  This Agreement is a compromise of the Action and is the product of serious and extended negotiations between the parties. Nothing in this Agreement, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of this Agreement, is intended to be, or shall be construed as or deemed to be evidence of an admission or concession, direct or indirect, express or implied, by any Defendant of any liability or wrongdoing, or of the truth of any of the allegations asserted by the Named Plaintiffs. Defendants believe that the Named Plaintiffs' factual and legal allegations are incorrect, and specifically deny all liability to the Named Plaintiffs and to the Settlement Class Members. Defendants' sole motivation for entering into this Agreement is to dispose expeditiously of the Claims that have been asserted against them in the Action by settlement and compromise rather than incur the expense and uncertainty of protracted litigation. No portion of this Agreement, and no statement, transaction or proceeding in connection with the negotiation, execution or implementation of this Agreement, may be admitted into evidence in any action, except as required to enforce this Agreement and/or to cease or enjoin other litigation pursuant to Paragraph 20 of this Agreement.

4.  **Benefit to Plaintiffs.**  Named Plaintiffs and Settlement Class Counsel have concluded, under the circumstances and considering the pertinent facts and applicable law, that it is in best interest of both the Named Plaintiffs and the Settlement Class to enter into this Settlement Agreement to avoid the uncertainties of litigation and to assure a benefit to the Named Plaintiffs and all members of the Settlement Class. Named Plaintiffs and Settlement Class

Counsel consider this Settlement Agreement to be fair, reasonable, and adequate and in the best interests of the members of the Settlement Class.

     5.    **Conditions Precedent.**  This Agreement shall be conditioned upon and shall be effective only upon the occurrence of all of the following events:

     5.1    Settlement Class Counsel and Defendants jointly request a preliminary approval hearing.

     5.2    Settlement Class Counsel and Defendants move for an order granting preliminary approval of this Agreement and approving issuance of notice in accordance with the procedures for providing notice submitted by the Parties and such motions are granted by the Court.

     5.3    Upon preliminary approval of this Agreement and approval of the notice and the procedures for providing notice, notice shall be provided to the Settlement Class in accordance with the procedures for providing notice approved by the Court.

     5.4    A Fairness Hearing shall be held in accordance with Paragraph 13 below.

     5.5    The Court shall grant Final Approval of this Agreement and enter Judgment in accordance with the terms set forth herein after a Fairness Hearing has been conducted, and all such orders and approvals have become final and non-appealable.  The Judgment shall finally resolve all issues raised in this proceeding.

     6.    **Settlement Class Definition.**  The Settlement Class shall consist of the following persons, which class is agreed to for purposes of settlement only and for no other purpose:

     All persons or entities who (1) executed a Janitorial Franchise Agreement with Coverall for a franchise to be located in the State of California, and (2) between August 8, 2004 and entry of the Preliminary Approval Order, performed janitorial or cleaning services in the State of California pursuant to a Janitorial Franchise Agreement entered into between the person(s) or entity and Coverall.

     7.    **Defendants' Obligations.**  Defendants shall provide the following benefits to the Settlement Class:

     7.1    **Assignment of Customer Accounts.**  Coverall will assign all customer accounts to Current and New Franchise Owners, subject to the following limitations: (i) certain accounts, including National Accounts, customer prepared contracts that preclude assignment, and local multiple location customer contracts are not assignable; and (ii) prior to the assignment of any account, Current and New Franchise Owners must have paid for that account in full (by paying, in full, their franchise fee, including any financed portion of such fee, and any balances owed for the financed portion of the purchase of additional business). Prior to the Current and New Franchise Owners' payment in full of these obligations, any assignment will be conditional. Coverall will have the right of first refusal to buy back a customer account in the event a Current or New Franchise Owner decides to sell, transfer or otherwise convey an account. Coverall will continue to provide the services it is obligated to provide pursuant to the Janitorial Franchise Agreement ("JFA"), such as billing and collection, for all accounts, pursuant to and in

accordance with the terms of the JFAs between Coverall and all Current and New Franchise Owners. Coverall represents that, in 2010, the gross billing of the customer contracts in the State of California was approximately $20 million.

7.2 **Settlement Payments.** In accordance with the procedures and subject to the limitations set forth in Paragraph 9, Defendants will pay $475.00 to each member of the Settlement Class that is a Former Franchise Owner who has not previously released his, her, or its claims against Coverall. With the exception of attorneys' fees and costs (as set forth in Paragraph 11) and the reasonable costs of administration of the Settlement (as set forth in Paragraph 16), Defendants shall not be obligated to pay any monies under this Agreement in excess of $475.00 times the total number of members of the Settlement Class who are Former Franchise Owners. Under no circumstances shall Defendants be required to provide monies in excess of that amount.

7.3 **Franchise Purchase Credit.** Coverall will offer any Former Franchise Owner a $750.00 credit (the "Credit") towards the purchase of a new Coverall franchise. The Former Franchise Owner must use the credit by executing a new JFA with Coverall within one hundred and twenty (120) days of the Effective Date. The Credits are not redeemable for cash, and may not be transferred, assigned, or otherwise conveyed to any other person or entity.

7.4 **Right to Rescind.** Commencing sixty (60) days after the Effective Date, New Franchise Owners shall be granted a thirty (30) day option to rescind their JFAs. This option must be exercised, in writing, within thirty (30) days of the New Franchise Owner's execution of the JFA. Any New Franchise Owner who elects to rescind his, her or its JFA must (i) return to Coverall all manuals, brochures, pamphlets, discs, videotapes or other materials which contain the Coverall marks or are part of the Coverall System; (ii) execute a general release in favor of Coverall; and (iii) assign to Coverall, at no cost to Coverall, any customer accounts that they received from Coverall (collectively, the "Rescission Obligations"). Any New Franchise Owner who elects to rescind his, her or its JFA and fully complies with the Rescission Obligations shall receive from Coverall, within thirty (30) days of date on which the Rescission Obligations are fully completed, all monies they paid to Coverall, less the then-current cost of Coverall's background investigation, which is currently $75.00 (the "Refund Amount").

7.5 **Repurchase of Accounts.** Coverall will agree to re-purchase from Current and New Franchise Owners all accounts that are in good standing, both financially and operationally, in accordance with the following schedule:

7.5.1 Coverall shall repurchase an account that a Current or New Franchise Owner has serviced for less than twelve (12) months at three (3) times the Gross Monthly Revenue of the account. For example, if the Gross Monthly Revenue of an account is $1000.00, and a Current or New Franchise Owner been servicing that account for eleven (11) months, Coverall will repurchase the account for $3000.00. Gross Monthly Revenue shall be the standard monthly billings reflected on the customer contract, and shall not include billings for additional services, such as special services.

Ex. D ,Pg. 85

7.5.2    Coverall shall repurchase an account that a Current or New Franchise Owner has serviced for more than twelve (12) months but less than two (2) years, at two (2) times the Gross Monthly Revenue of the account.

7.5.3    Coverall shall repurchase an account that a Current or New Franchise Owner has serviced for more than two (2) years at one (1) times the Gross Monthly Revenue of the account.

A Franchise Owner shall be deemed to have commenced servicing an account on the first day the Franchise Owner services the account.

7.6    **Cessation of Servicing Accounts.**  Current and New Franchise Owners may cease servicing a customer for non-payment at anytime they see fit; provided, however, that in the event a Current or New Franchise Owner decides to cease servicing a customer account, that Franchise Owner shall: (i) provide Coverall with five (5) days' written notice of their intent to cease servicing the customer; and (ii) afford Coverall the right, at no cost, to assume the customer account.

7.7    **Modification of Non-Competition Agreement.**  Commencing sixty (60) days after the Effective Date, the term of the post-termination and post-expiration non-competition clause set forth in the JFAs for all New Franchise Owners shall be reduced from eighteen (18) months to twelve (12) months.

7.8    **Replacement of Eligible Accounts.**  Coverall will offer to replace any customer account that is lost with one or more customer accounts of equal or greater monthly dollar volume within a reasonable period of time of the account loss, not to exceed 120 days, as long as: (i) the customer account is lost through no fault of the Franchise Owner (including poor service, failure to service, obnoxious behavior, theft, dishonesty, or conduct that otherwise reflects materially and adversely on Coverall); and (ii) the customer account is lost within the applicable guarantee period as set forth in the JFA.  To the extent a Franchise Owner disputes an assertion that a customer account was lost through the fault of the Franchise Owner, Coverall will formalize an in-house dispute resolution procedure to address such disputes. Coverall shall have complete and absolute discretion regarding the form of this procedure, provided that the procedure shall consist, at minimum, of a hot-line telephone number dedicated to addressing any such disputes.

7.9    **Location of Customer Accounts.**  Coverall represents that customer accounts offered to Franchise Owners are generally within thirty (30) miles of a Franchise Owner's nearest Support Center.  Coverall further represents that it shall continue to attempt to offer Franchise Owners accounts that are located within a reasonable proximity of each other; provided, however, that Franchise Owners remain free to request or accept customer accounts anywhere within the area serviced by the applicable support center.

7.10    **Training.**  Coverall shall provide, and all New Franchise Owners shall be required to attend, Initial Training on the operation of a franchise business, record keeping, and the bidding of customer accounts.  Current Franchise Owners will be permitted, but are not required, to attend such training.  Commencing sixty (60) days after the Effective Date, Coverall's training materials shall be available in both English and Spanish.  Coverall shall advise all New Franchise Owners that, subject to their compliance with any applicable

laws, Franchise Owners may incorporate and form partnerships. Coverall shall not be required to offer legal advice to Franchise Owners, to supply forms to Franchise Owners regarding the formation of corporations or partnerships, or to take any steps in connection with a Franchise Owner's attempt to form a corporation or partnership. To the extent it does not already do so, Coverall's Initial Training shall address Aging Reports.

7.11 **Supplemental Disclosure.** Commencing sixty (60) days after the Effective Date, to the extent it does not currently do so, Coverall will include in the disclosure document it provides to prospective franchisees the terms and conditions of coverage under the commercial general liability policy that it is then making available to Franchise Owners.

8. **Survival of Janitorial Franchise Agreements.** Nothing in this Agreement shall modify, amend, or otherwise alter, or be construed to modify, amend, or otherwise alter, the rights and obligations of Coverall and Current and Former Franchise Owners under their respective Janitorial Franchise Agreements, which, except as expressly set forth herein, remain in full force and effect.

9. **Distribution of the Settlement Payments to Qualifying Claimants.**

9.1 **Timing of Distributions.** Within ten (10) calendar days of the Effective Date, Defendants will transmit to each Qualifying Claimant (as defined in Paragraph 9.2 below) who presents a Qualifying Claim (as defined in Paragraph 9.3 below) a check in the total amount of $475.00. Qualifying Claimants shall have no more than three (3) months from the date a check is mailed to cash the check. If a check is not cashed within three (3) months, it shall be null and void and there shall be no further obligation to make payment to such Qualifying Claimant.

9.2 **Qualifying Claimant.** To receive a payment, an individual or entity must (i) be a Qualifying Claimant, and (ii) present a Qualifying Claim. A Qualifying Claimant must:

        9.2.1 Be a Settlement Class Member;

        9.2.2 Be a Former Franchise Owner; and

        9.2.3 Have not previously released his, her, or its claims against Coverall.

9.3 **Qualifying Claim.** To present a Qualifying Claim, a Qualifying Claimant must:

        9.3.1 Return a completed "Claim Form" (in a form substantially similar to that attached hereto as Exhibit C) postmarked no later than the deadline stated in the Claim Form, in which the Claimant:

        (a) Declares under penalty of perjury that, between August 8, 2004 and the Notice Deadline, he/she/it serviced customer accounts pursuant to a JFA he/she/it entered into with Coverall;

        (b) Declares under penalty of perjury that his/her/its JFA was assigned, terminated, or has expired, and that he/she/it no longer has, or claim to have, any interest in any Coverall franchise; and

Settlement Agreement and Release
Case No. 3:09-CV-02131-JM(BGS)

9

Ex. D ,Pg. 87

(c)   States whether he/she/it intends to purchase a new Coverall franchise and, if he/she/it does, whether Coverall may deliver to him/her/it a copy of its then-current disclosure document.

9.4   **Right to Verify.**  Coverall will review all submitted Claim Forms for completeness, validity, accuracy, and timeliness, and may contact any Claimant to request additional information and documentation to determine the validity of any claim.  In addition, Coverall may verify that: (1) the information set forth in a submitted Claim Form is accurate; and (2) the Claimant is a Settlement Class Member.

9.5   **Disputed Claims.**  Coverall shall provide Settlement Class Counsel with a copy of any Claim Form deemed by Coverall to be untimely or invalid, for any reason, within five (5) calendar days of Coverall's receipt of any such Claim Form.  If the Parties dispute a Claim Form's timeliness or validity, the Parties must meet and confer in good faith to resolve the dispute.   Coverall's records will be entitled to a rebuttable presumption of accuracy. Disagreements regarding the timeliness or validity of any Claim Form that cannot resolved between the Parties shall be resolved by submission to the Court or a third party mutually acceptable to Settlement Class Counsel and Defendants.  All determinations by the Court or such third party shall be final and binding.

10.   **Enhancement Payments.**  To the extent the total amount of payments made by Defendants under Paragraph 9 is less than $475.00 times the total number of members of the Settlement Class who are Former Franchise Owners, Settlement Class Counsel shall ask the Court to award enhancements to the Named Plaintiffs, collectively, in the total amount of $15,000 (the "Enhancement").  Defendants will not object to Settlement Class Counsel's request for the Enhancement, and Settlement Class Counsel and Named Plaintiffs agree that they will not seek enhancements that, collectively, would exceed $15,000.  The Enhancement, if any, may be allocated in any manner deemed appropriate by the Court.  Under no circumstances shall the payments Defendants are required to make to Named Plaintiffs and Settlement Class Members collectively exceed $475.00 times the total number of members of the Settlement Class who are Former Franchise Owners.

11.   **Application for Attorneys' Fees and Costs.**  Settlement Class Counsel will apply to the Court for an aggregate award of attorneys' fees and actual costs and expenses (including court costs) in a total amount not to exceed $994,800.00.  Defendants will not oppose Settlement Class Counsel's application for an award of up to $994,800.00 in attorneys' fees and actual costs and expenses.  Settlement Class Counsel agree not to seek or accept an award of attorneys' fees and actual costs and expenses in excess of $994,800.00 and Defendants will not have any obligation to pay an award of fees and costs in excess of $994,800.00.  Subject to Court approval, Defendants will pay or cause to be paid to Settlement Class Counsel such attorneys' fees and costs and expenses as may be awarded by the Court, up to a maximum of $994,800.00, separate and apart from any payments to the Settlement Class Members.

11.1   Any attorneys' fees and costs and expenses awarded to Settlement Class Counsel shall be paid as follows: (i) in the event no objection to this settlement is filed, and if no Settlement Class Member objects or intervenes, within ten (10) calendar days after the Court's Final Approval of this Settlement Agreement; (ii) in the event an objection to this Settlement is filed, or if a Settlement Class Member objects or intervenes, within ten (10) calendar days after the Effective Date, or in the event the Court has not yet awarded attorneys' fees and costs and

expenses as of the Effective Date, within ten (10) calendar days of the entry of such award. In the event that an appeal, request for reconsideration, motion challenging the Final Order and Judgment or any other order regarding this Settlement, or order regarding the award of attorneys' fees and costs is filed, Settlement Class Counsel shall, within five (5) business days of receiving notice of the filing of the appeal, request for reconsideration, or motion, refund to Defendants all of the attorneys' fees and costs previously paid, plus any interest earned thereon.

11.2   The attorneys' fees and costs and expenses represent all of the attorneys' fees, expenses, and costs Defendants agree to pay, if awarded by the Court, in connection with the Settlement to any Named Plaintiff, Settlement Class Member or their counsel irrespective of the counsel making the application. Defendants shall not be liable for any further attorneys' fees or costs and expenses or any claim by any Named Plaintiff, Settlement Class Member or counsel for additional fees or expenses relating to the allegations forming the basis of the Action. The attorneys' fees and costs and expenses are being paid by Defendants separate and apart from the settlement benefits that are being conferred on the Named Plaintiffs and the Settlement Class Members.

11.3   In the event the Settlement is not finally approved, Defendants are under no obligation to pay attorneys' fees and expenses.

11.4   In the event of an appeal, Defendants retain the right to proceed with the Settlement, or, at their option, escrow the monies to be paid to be paid to Qualifying Claimants who present Qualifying Claims and to Settlement Class Counsel in separate accounts, in a manner to be approved by the Court. Interest shall accrue on the accounts for the benefit of Defendants.

12.   **Release of Claims**.

12.1   **General Release of Defendants by Named Plaintiffs.** Effective upon entry of the Court's order of Final Approval, Named Plaintiffs and each of their spouses, parents, children, heirs, associates, co-owners, attorneys, agents, administrators, devisees, predecessors, successors, assigns, legatees, personal representative of any kind, shareholders, partners, directors, employees, or affiliates, shall unconditionally, fully and finally release and discharge Defendants from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses and costs, whether know or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, arising out of, in connection with, or related to any and all claims that were asserted in the Action, any and all claims or causes of action that could have been asserted in the Action, any and all claims arising out of or relating to their respective JFAs or the allegations raised in the Action, and any and all facts or allegations which could give rise to a claim or cause of action, excepting only (i) Coverall's prospective obligations under its JFAs with Teresa Salas and Carlos Acevedo, and (ii) the Parties' obligations under this Agreement. Named Plaintiffs warrant and represent that they have not assigned or otherwise transferred any claim or cause of action released by this Paragraph 12.1.

In addition, and subject to the limitations of Paragraph 12.1 (i) and (ii), Named Plaintiffs and each of their spouses, parents, children, heirs, associates, co-owners, attorneys, agents, administrators, devisees, predecessors, successors, assigns, legatees, personal representative of any kind, shareholders, partners, directors, employees, or affiliates, expressly waive and

Settlement Agreement and Release
Case No. 3:09-CV-02131-JM(BGS)

11

Ex._D_,Pg._89

relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Named Plaintiffs fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by Named Plaintiffs and their Counsel to be true and expressly accepts and assumes the risk of this possible difference in facts and agrees that this Settlement Agreement remains effective despite any difference in facts.

      12.2    **Release of Defendants by Settlement Class Members.**  Effective upon entry of the Court's order of Final Approval, all Settlement Class Members who do not opt out of the Settlement Class and each of their spouses, parents, children, heirs, associates, co-owners, attorneys, agents, administrators, devisees, predecessors, successors, assigns, legatees, personal representative of any kind, shareholders, partners, directors, employees, or affiliates, shall unconditionally, fully and finally release and discharge Defendants from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses and costs, whether know or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, arising out of, in connection with, or related to any and all claims that were asserted in the Action, and any and all claims arising out of or related in any way to any or all of the acts, omissions, facts, matters, transactions, or occurrences that were directly or indirectly alleged, asserted, described, set forth, or referred to in the Action, excepting only (i) Coverall's prospective obligations under its JFAs with Current Franchise Owners, and (ii) the Parties' obligations under this Agreement.  Settlement Class Plaintiffs and all Settlement Class Members warrant and represent that they have not assigned or otherwise transferred any claim or cause of action released by this Paragraph 12.2.

      In addition, the Settlement Class Members and each of their spouses, parents, children, heirs, associates, co-owners, attorneys, agents, administrators, devisees, predecessors, successors, assigns, legatees, personal representative of any kind, shareholders, partners, directors, employees, or affiliates, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Settlement Class Members fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by Settlement Class Members and Settlement Class Counsel to be true and expressly accepts and assumes the risk of this possible difference in facts and agrees that this Settlement Agreement remains effective despite any difference in facts.

Settlement Agreement and Release
Case No. 3:09-CV-02131-JM(BGS)

12

Ex. D , Pg 90

12.3   **General Release of Named Plaintiffs by Defendants.**  Effective upon entry of the Court's order of Final Approval, Defendants shall unconditionally, fully and finally release and discharge Named Plaintiffs from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses and costs, whether know or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, arising out of, in connection with, or related to any and all claims that were asserted in the Action, any and all claims or causes of action that could have been asserted in the Action, any and all claims arising out of or relating to the Named Plaintiffs' JFAs or the allegations set forth in the Complaint, and any and all facts or allegations which could give rise to a claim or cause of action, excepting only (i) Teresa Salas and Carlos Acevedo's prospective obligations under their JFAs with Coverall, and (ii) the Parties' obligations under this Agreement.  Defendants warrant and represent that they have not assigned or otherwise transferred any claim or cause of action released by this Paragraph 12.3.

In addition, and subject to the limitations of Paragraph 12.3 (i) and (ii), Defendants expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Defendants fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by Defendants to be true and expressly accepts and assumes the risk of this possible difference in facts and agrees that this Settlement Agreement remains effective despite any difference in facts.

13.   **Preliminary Approval, Objections, and Fairness Hearing.**

13.1   As soon as practicable after execution of this Agreement, Settlement Class Counsel and Defendants' counsel shall submit this Agreement and the exhibits hereto, along with such other supporting papers as may be appropriate, to the Court for preliminary approval pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Settlement Class Counsel and Defendants' counsel shall jointly move the Court to (i) find preliminarily that this Settlement is a fair and reasonable compromise of the Claims, (ii) provisionally certify the Settlement Class for settlement purposes only, (iii) approve the proposed form of Notice and Claim Form, (iv) appoint Named Plaintiffs as Class Representatives for settlement purposes only, and (v) appoint the Settlement Class Counsel as Class Counsel for settlement purposes only.  If the Court declines to grant preliminary approval of this Settlement Agreement and to order notice of hearing with respect to the proposed Settlement Class, or if the Court declines to grant Final Approval to the foregoing after such notice and hearing, this Agreement will terminate as soon as the Court enters an order unconditionally and finally adjudicating that this Settlement Agreement will not be approved.

13.2   Counsel for Defendants and Settlement Class Counsel shall ask the Court to schedule a Fairness and Final Approval Hearing for a date set by the Court after the deadline for mailing notice, to be set by the Court as part of the preliminary approval process (the "Notice

Deadline"). Before the Fairness Hearing, Settlement Class Counsel must apply for Court approval of a proposed Fairness Hearing Order and Judgment. Settlement Class Counsel will, with the cooperation of counsel for Defendants, draft the application papers. Defendants shall be permitted, but not required, to file their own statements in support of the Fairness Hearing Order and Judgment.

13.3    Any Settlement Class Member may object to this Agreement by filing, within thirty (30) days after the Notice Deadline, written objections with the Clerk of the Court, with copies to be served on counsel for Defendants and Settlement Class Counsel. Written objections must be verified by a declaration under penalty of perjury or a sworn affidavit and must include: (a) the name of the Action, *"Sabrina Laguna, et al. v. Coverall North America, Inc., et al,* S.D. Cal. Case No. 09-cv-02131-JM-BGS"; (b) the full name, address, and telephone number of the person objecting; (c) a statement of each objection; and (d) a written brief detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s). If the objection is presented through an attorney, the written objection must also include: (a) the identity and number of Settlement Class Members represented by objector's counsel; (b) the number of such represented Settlement Class Members who have opted out of the Settlement; and (c) the number of such represented Settlement Class Members who have remained in the Settlement and have not objected. Objecting Settlement Class Members must also make themselves available for deposition by Settlement Class Counsel and/or counsel for Defendants between the time the objection is filed and the date of the Fairness Hearing, and the objection must include the date when the objecting Settlement Class Member will so present for deposition. Any objections not so submitted shall be waived. Anyone wishing to appear at the Fairness Hearing to object to the Settlement shall expressly so provide in his or her written objections. Settlement Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing, must deliver to Settlement Class Counsel and Defendants' counsel, and file with the Court, no later than thirty (30) calendar days after the Notice Deadline, a Notice of Intention to Appear. The Notice of Intention to Appear must: (a) state how much time the Settlement Class Member and/or their attorney anticipates needing to present the objection; (b) identify, by name, address, telephone number and detailed summary of testimony, all witnesses from whom the Settlement Class Member and/or their attorney intends to present any testimony; and (c) identify all exhibits the Settlement Class Member and/or their attorney intends to offer in support of the objection and attach complete copies of all such exhibits. Settlement Class Members who fail to make objections in this manner will be deemed to have waived any objections and will be foreclosed from making any objections (whether by a subsequent objection, intervention, appeal, or any other process) to the Agreement. Only Settlement Class Members who file and serve timely Notices of Intention to Appear may speak at the Fairness Hearing.

13.4    The filing and service of an objection to this Settlement does not affect the Settlement Class Member's right to obtain the benefits of this Agreement, provided that any Settlement Class Member who does object complies with the procedures set forth in this Agreement.

14.    **Notice.**

Settlement Agreement and Release
Case No. 3:09-CV-02131-JM(BGS)

14

Ex. D, Pg. 92

14.1    For purposes of mailing Court-approved class notices and establishing that the best practicable notice has been given, membership in the Settlement Class shall be determined from the records maintained by Coverall.

14.2    If the Court authorizes the Notice of Class Action, Proposed Settlement, and Hearing to be disseminated to the Settlement Class Members as provided for in this Agreement, Defendants will mail notice, via first class mail, in the form attached hereto as Exhibit B, to each Settlement Class Member as defined in Paragraph 6.  The mailing will be in a plain envelope with "Important Court Documents Enclosed – OPEN IMMEDIATELY" on the front.  For all Former Franchise Owners, the envelope will include the Claim Form and an addressed return envelope.  It is agreed, subject to approval of the Court, that there shall be a single mailing to each Settlement Class Member as set forth herein, in English and Spanish, and an obligation for a single re-mailing for returned or non-delivered notices.  Defendants' sole obligation on re-mailing shall consist of conducting a reasonable search using an electronic database, such as Westlaw, to identity alternative addresses for any returned or non-delivered notices.

14.3    It is stipulated and agreed that the foregoing terms with respect to mailing and notice are material conditions precedent to Defendants' obligations under this Agreement.  If the manner and extent of mailing and re-mailing of notices provided for in this Agreement are not approved by the Court in all material respects, it is understood that Defendants will not be obligated to proceed with the Settlement provided for herein.

15.    **Final Approval and Dismissal.**

15.1    Upon the Effective Date of this Agreement, counsel for Defendants and Settlement Class Counsel shall jointly move to dismiss the Action with prejudice.

15.2    The Settling Parties agree that the Settlement is expressly conditioned upon dismissal with prejudice of the Action and entry of a Final Order as defined in Paragraph 1.9 of this Agreement.  The Settling Parties will jointly submit a proposed Final Order prior to the Fairness Hearing.

16.    **Administration and Cost of Settlement.**  Defendants will bear the responsibility for administering the Settlement described herein, and shall pay all reasonable costs of administering the Settlement and of mailing and printing the notices described in Paragraph 14 of this Agreement.  Settlement Class Counsel will not object to Defendants' administration of the Settlement, so long as Settlement Class Counsel receives: (i) a copy of all mailing lists (within 48 hours of mailing); (ii) weekly updates on undeliverable mail; (iii) weekly updates on objections and opt-outs, together with copies of any written communications received; (iv) communications from any Settlement Class Members; and (v) an accounting once the administration of the Settlement is complete.  Defendants shall promptly advise Settlement Class Counsel if they are contacted by any Settlement Class Members.  Defendants shall make a single attempt to re-mail all notices that are returned undeliverable.

17.    **Defendants' Right to Set Aside Settlement.**  Defendants shall have the right to set aside or rescind this Agreement, in the exercise of their complete and unfettered discretion, if any of the following events occur:

Settlement Agreement and Release                                                                    15
Case No. 3:09-CV-02131-JM(BGS)

Ex. D ,Pg. 93

17.1 **Opt-Outs**.

      17.1.1 More than two percent (2%) of the Settlement Class opt out;

      17.1.2 Any person or entity that executed a declaration or affidavit for Plaintiffs in connection with the Action opts out; or

      17.1.3 Any person or entity that has retained Settlement Class Counsel to represent them regarding the Claims or any disputes any such person or entity has or believes they have with any of the Defendants.

17.2 **Objection(s) to Settlement Sustained**. If any objections to the proposed Settlement are sustained. Named Plaintiffs and Settlement Class Counsel shall have the same right.

17.3 **Modification(s) by the Court**. If there are any modifications to this Agreement by the Court, by any other court, or by any tribunal, agency, entity, or person.

17.4 In the event Defendants exercise their discretion to set aside the Settlement, this Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission or confession by the Settling Parties of any fact, matter, or proposition of law, and shall not be used or admissible in any manner for any purpose, and all parties to the Action shall stand in the same position that they were in as of September 19, 2011, and as if this Agreement had not been negotiated, made, or filed with the Court. In such event, the parties to the Action shall move the Court to vacate any and all orders entered by the Court pursuant to the provisions of this Agreement.

18. **Continuing Jurisdiction**. Without affecting the finality of the Final Judgment, the Court shall retain continuing jurisdiction over the Action and the Settling Parties, including all members of the Settlement Class, the administration and enforcement of the Settlement, and the benefits to the Settlement Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Settlement Agreement, the order preliminarily approving the Settlement, and the Final Judgment, and hearing and determining an application by Settlement Class Counsel for an award of attorneys' fees and reimbursement of costs and expenses. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of this Settlement Agreement shall be presented by motion to the Court.

19. **Duty to Support and Defend Agreement**. Named Plaintiffs, Settlement Class Counsel and Defendants agree to abide by all of the terms of this Agreement and to support it fully. Named Plaintiffs, Settlement Class Counsel and Defendants shall jointly cooperate to defend this Agreement from any legal challenge, whether by appeal or collateral attack.

20. **Cessation of Litigation Activity**. Named Plaintiffs and Settlement Class Counsel agree not to initiate any additional litigation against Defendants in connection with, relating to or arising out of the Claims.

Settlement Agreement and Release
Case No. 3:09-CV-02131-JM(BGS)

16

Ex. _D_, Pg. _94_

21. **Certification for Settlement Purposes Only**. If the Settlement provided for herein is not approved by the Court in complete accordance with the terms of this Agreement and does not become subject to a Final Order following such approval, then no class will be deemed certified by or as a result of this Agreement, and the Action for all purposes will revert to its status prior to the execution of this Agreement. In such event, Defendants will not be deemed to have consented to certification of any class, and will retain all rights to oppose class certification, including certification of the identical class provided for herein.

22. **Non-Disparagement and Non-Disclosure Clause**. The Parties and each of their successors, assigns, legatees, heirs, and personal representatives agree to refrain from disparaging this Agreement or the other Parties on account of any event or circumstance relating to the Action occurring prior to the Effective Date of this Agreement. Additionally, Named Plaintiffs agree that they and each of their respective successors, assigns, legatees, heirs, and personal representatives will not disclose the terms of this Agreement and will not publicly discuss the Action other than to state that the disputes between Named Plaintiffs and Defendants was "resolved amicably." If Named Plaintiffs are contacted regarding the terms of this Agreement, they shall refer the person(s) that contact them to either Settlement Class Counsel or counsel for Defendants.

23. **Arbitration**. By participating in this Settlement, Settlement Class Members are waiving their rights to pursue individual arbitration claims against Defendants for the claims released in Paragraph 12. However, neither Sabrina Laguna, Teresa Salas, Settlement Class Members nor Defendants are waiving their rights under any JFA to pursue arbitrations involving claims other than those released pursuant to Paragraph 12 of this Agreement. Further, if the Court does not approve the Settlement or enter the Final Order for any reason, or if the Final Approval of the Settlement does not occur for any reason, neither the negotiation of this Agreement nor the Agreement or other papers or proceedings related to the Settlement shall constitute, or be argued by any party to constitute, a waiver of Defendants' right to seek to enforce any arbitration agreement.

24. **Miscellaneous**.

24.1 **Recitals**. The Recitals set forth above are incorporated by reference and are part of the Agreement.

24.2 **Integration Clause**. This Settlement Agreement contains a full, complete, and integrated statement of each and every term and provision agreed to by and among the Settling Parties and supersedes any prior writings or agreements (written or oral) between or among the Settling Parties, which prior agreements may no longer be relied upon for any purpose. This Settlement Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Settling Parties supported by consideration. In the event a dispute arises between the Settling Parties over the meaning or intent of this Agreement, the Settling Parties agree that prior drafts, notes, memoranda, discussions or any other oral communications or documents regarding the negotiations, meaning or intent of this Agreement shall not be offered or admitted into evidence. Except as expressly set forth herein, the parties hereto acknowledge that no statements, representations, promises or inducements, whether express, implied or otherwise, of any kind, nature or description whatsoever have been made to them, as an

Settlement Agreement and Release
Case No. 3:09-CV-02131-JM(BGS)

17

Ex. D Pg. 95

inducement to entering into this Agreement or otherwise, by the other party or any representative of such party.

       24.3  **Headings.**  Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

       24.4  **Governing Law.**  To the extent not governed by the Federal Rules of Civil Procedure, the contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of California.

       24.5  **Interpretation.**  This Agreement was negotiated on an "arms-length" basis between parties of equal bargaining power, and was drafted jointly by counsel for Defendants and Settlement Class Counsel.  Hence, in any construction to be made of this Agreement, the same shall not be construed against any party.

       24.6  **Notice.**  Except as otherwise specifically provided herein, all written notices permitted or required to be delivered by the provisions of this Agreement shall be made by sending copies thereof to:

       If to the Named Plaintiffs or the Settlement Class, to:

| | |
|---|---|
| L. Tracee Lorens, Esq. | Raul Cadena, Esq. |
| LORENS & ASSOCIATES, APLC  and | CADENA CHURCHILL, LLP |
| 701 "B" Street, Suite 1400 | 701 "B" Street, Suite 1400 |
| San Diego, California  92101 | San Diego, California  92101 |

       If to Defendants Coverall North America, Inc., CNA Holding Corp., or Ted Elliott, to:

            Norman M. Leon, Esq.
            DLA PIPER LLP (US)
            203 North LaSalle Street
            Suite 1900
            Chicago, Illinois  60601

       If to Defendants Ares Capital Corp. or Allied Capital Corp., to:

            Mazda K. Antia, Esq.
            Cooley LLP
            4401 Eastgate Mall
            San Diego, California 92121

All such notices shall be deemed delivered: (i) one (1) day after the date of deposit, if deposited with a commercial delivery service which guarantees next day delivery; or (ii) three (3) business days after placed in the mail by Certified Mail, Return Receipt Requested, postage prepaid and addressed to the parties to be notified.  Each party hereto shall have the right to alter the address

to which any written notices are to be delivered by giving each other party hereto written notice in accordance with the provisions of this Paragraph 24.6.

24.7 **Execution.** This Agreement may be executed in one or more counterparts, any one of which need not contain the signature of more than one party and all of which taken together shall constitute one and the same Agreement. A facsimile signature shall be deemed to constitute an original signature for purposes of this Agreement. This Agreement shall become binding only when fully executed by all parties hereto, whether in one or more counterparts, and when delivery of an executed counterpart by the Named Plaintiffs and Settlement Class Counsel to Defendants and by Defendants to Named Plaintiffs and Settlement Class Counsel is completed.

24.8 **Voluntary Agreement.** The parties executed this Agreement voluntarily and without duress or undue influence.

24.9 **Parties Represented by Counsel.** The Parties acknowledge that: (a) they have been represented by independent counsel of their own choosing during the negotiation of this Settlement and the preparation of this Agreement; (b) they have read this Agreement and are fully aware of its contents; and (c) their respective counsel fully explained to them this Agreement and its legal effect.

24.10 **Severability.** In the event any one or more of the provisions contained in this Agreement shall for any reason be deemed invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions of this Agreement if the Settling Parties and their counsel mutually elect, by written stipulation to be filed with the Court within twenty (20) days, to proceed as if such invalid, illegal, or unenforceable provision(s) had never been included in this Agreement.

24.11 **Authority.** Each person executing this Agreement on behalf of a party hereto, for him/herself and on behalf of the party for which he/she is executing, represents and warrants that he/she has received all necessary power and authority to do so and to bind the entity on whose behalf he/she signs this Agreement and, further, that all necessary consents and/or approvals for such entity to enter into this Agreement have been obtained or waived.

The undersigned parties have executed this Agreement as of the date first above written.

Dated:  September 8, 2011

By: _____
Coverall North America, Inc.

Dated:  September 8, 2011

By: _____
Ares Capital Corp.

Dated:  September 8, 2011

By: _____
Ted Elliott

to which any written notices are to be delivered by giving each other party hereto written notice in accordance with the provisions of this Paragraph 24.6.

      24.7 **Execution**. This Agreement may be executed in one or more counterparts, any one of which need not contain the signature of more than one party and all of which taken together shall constitute one and the same Agreement. A facsimile signature shall be deemed to constitute an original signature for purposes of this Agreement. This Agreement shall become binding only when fully executed by all parties hereto, whether in one or more counterparts, and when delivery of an executed counterpart by the Named Plaintiffs and Settlement Class Counsel to Defendants and by Defendants to Named Plaintiffs and Settlement Class Counsel is completed.

      24.8 **Voluntary Agreement.** The parties executed this Agreement voluntarily and without duress or undue influence.

      24.9 **Parties Represented by Counsel.** The Parties acknowledge that: (a) they have been represented by independent counsel of their own choosing during the negotiation of this Settlement and the preparation of this Agreement; (b) they have read this Agreement and are fully aware of its contents; and (c) their respective counsel fully explained to them this Agreement and its legal effect.

      24.10 **Severability**. In the event any one or more of the provisions contained in this Agreement shall for any reason be deemed invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions of this Agreement if the Settling Parties and their counsel mutually elect, by written stipulation to be filed with the Court within twenty (20) days, to proceed as if such invalid, illegal, or unenforceable provision(s) had never been included in this Agreement.

      24.11 **Authority**. Each person executing this Agreement on behalf of a party hereto, for him/herself and on behalf of the party for which he/she is executing, represents and warrants that he/she has received all necessary power and authority to do so and to bind the entity on whose behalf he/she signs this Agreement and, further, that all necessary consents and/or approvals for such entity to enter into this Agreement have been obtained or waived.

      The undersigned parties have executed this Agreement as of the date first above written.


Dated: September 8, 2011

                              By:_____
                                  Coverall North America, Inc.

Dated: September 8, 2011

                              By:_____
                                  Ares Capital Corp.

Dated: September 8, 2011

                              By:_____
                                  Ted Elliott


Settlement Agreement and Release
Case No. 3:09-CV-02131-JM(BGS)

                                                            19

to which any written notices are to be delivered by giving each other party hereto written notice in accordance with the provisions of this Paragraph 24.6.

24.7 **Execution.** This Agreement may be executed in one or more counterparts, any one of which need not contain the signature of more than one party and all of which taken together shall constitute one and the same Agreement. A facsimile signature shall be deemed to constitute an original signature for purposes of this Agreement. This Agreement shall become binding only when fully executed by all parties hereto, whether in one or more counterparts, and when delivery of an executed counterpart by the Named Plaintiffs and Settlement Class Counsel to Defendants and by Defendants to Named Plaintiffs and Settlement Class Counsel is completed.

24.8 **Voluntary Agreement.** The parties executed this Agreement voluntarily and without duress or undue influence.

24.9 **Parties Represented by Counsel.** The Parties acknowledge that: (a) they have been represented by independent counsel of their own choosing during the negotiation of this Settlement and the preparation of this Agreement; (b) they have read this Agreement and are fully aware of its contents; and (c) their respective counsel fully explained to them this Agreement and its legal effect.

24.10 **Severability.** In the event any one or more of the provisions contained in this Agreement shall for any reason be deemed invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions of this Agreement if the Settling Parties and their counsel mutually elect, by written stipulation to be filed with the Court within twenty (20) days, to proceed as if such invalid, illegal, or unenforceable provision(s) had never been included in this Agreement.

24.11 **Authority.** Each person executing this Agreement on behalf of a party hereto, for him/herself and on behalf of the party for which he/she is executing, represents and warrants that he/she has received all necessary power and authority to do so and to bind the entity on whose behalf he/she signs this Agreement and, further, that all necessary consents and/or approvals for such entity to enter into this Agreement have been obtained or waived.

The undersigned parties have executed this Agreement as of the date first above written.


Dated:  September 8, 2011                    By:_____
                                                 Coverall North America, Inc.


Dated:  September 8, 2011                    By:_____
                                                 Ares Capital Corp.


Dated:  September 8, 2011                    By:_____
                                                 Ted Elliott


Settlement Agreement and Release                                    19
Case No. 3:09-CV-02131-JM(BGS)

Ex. D ,Pg. 99

Dated: September **5**, 2011        By: _Sabrina Laguna_
                                        Sabrina Laguna

Dated: September___, 2011           By: _____
                                        Teresa Salas

Dated: September___, 2011           By:_____
                                        Carlos Acevedo

**APPROVED AS TO FORM:**             **LORENS AND ASSOCIATES, APLC**

Dated: September___, 2011           By _____
                                        L. TRACEE LORENS
                                        Attorneys for Named Plaintiffs and Settlement
                                        Class Members

Dated: September___, 2011           **CADENA CHURCHILL LLP**

                                    By _____
                                        RAUL CADENA
                                        Attorneys for Named Plaintiffs and Settlement
                                        Class Members

Case 8:11-cv-00169-DOC-PJW   Document 12   Filed 11/09/11   Page 48 of 51   Page ID #:176
Case 3:09-cv-02131-JM-BGS   Document 241-8   Filed 09/12/11   Page 105 of 129
To: Knox Attorney Service    Page 5 of 5          2011-09-06 23:36:13 (GMT)          From: CADENA CHURCHILL

Dated: September __, 2011

By: _____
                    Sabrina Laguna

Dated: September 7, 2011

By: _____
                    Teresa Salas

Dated: September __, 2011

By: _____
                    Carlos Acevedo

**APPROVED AS TO FORM:**

**LORENS AND ASSOCIATES, APLC**

Dated: September __, 2011

By _____
    L. TRACEE LORENS
    Attorneys for Named Plaintiffs and Settlement
    Class Members

Dated: September __, 2011

**CADENA CHURCHILL LLP**

By _____
    RAUL CADENA
    Attorneys for Named Plaintiffs and Settlement
    Class Members

Settlement Agreement and Release                                                           20
Case No. 3:09-CV-02131-JM(BGS)

Ex. D, Pg. 101

Dated: September___, 2011

By:_____
      Sabrina Laguna

Dated: September___, 2011

By:_____
      Teresa Salas

Dated: September 7, 2011

By:_____
      Carlos Acevedo

**APPROVED AS TO FORM:**

Dated: September 9, 2011

**LORENS AND ASSOCIATES, APLC**

By_____
L. TRACEE LORENS
Attorneys for Named Plaintiffs and Settlement
Class Members

Dated: September 9th, 2011

**CADENA CHURCHILL LLP**

By_____
RAUL CADENA
Attorneys for Named Plaintiffs and Settlement
Class Members

Dated: September 9, 2011                    By: _____
                                                 CNA Holding Corporation

**APPROVED AS TO FORM:**

DLA PIPER US LLP

By: _____

Dated: September 9, 2011

NORMAN M. LEON
Counsel for Defendants Coverall North
America, Inc., CAN Holding Corporation,
And Ted Elliott

COOLEY LLP

By: _____

Dated: September 9, 2011

MAZDA ANTIA
Counsel for Defendants Ares Capital
Corporation and Allied Capital Corporation

Settlement Agreement and Release
Case No. 3:09-CV-02131-JM(BGS)

22

Ex. D, Pg 104